Shirley Neal BABB et al., Appellants,

v.

Fred BABB, Appellee.

Court of Appeals of Kentucky.

Sept. 21, 1956.

Shumate & Shumate, Irvine, for appellants.

John W. Walker, Irvine, for appellee.

STANLEY, Commissioner.

This is a child custody case. A divorce was awarded the appellant on the ground of cruelty. No alimony was asked. The young couple have a boy who was about two and one-half years old when the judgment was rendered. The judgment provides that each parent shall have his custody one week alternately unless the mother should go to Ohio to work as contemplated, and under that condition, the period should be three weeks. The mother did go to work in Dayton, Ohio, and executed the bond required by the court to secure compliance with its order. The father was directed to pay $30 a month to the mother for the child's support. The mother seeks to have the judgment reversed and the entire custody of the child given to her.

The parents were married when very young. They lived, at least until after the child was born, with her parents in Ravenna. For a few months before the separation they lived with the husband's parents and for a brief time alone in a locality called Wisemantown. The conditions are much like those in Shehan v. Shehan, 152 Ky. 191, 153 S.W. 243. It is the general rule, as the appellant submits, that a child of tender years should be cared for by his mother unless she is shown to be unfit for the responsibility. But the father's rights may not be ignored. Always the welfare of the child is the chief consideration, regard being had for all the circumstances of the particular case. Disposition of the care and custody of a child is committed to the trial court's discretion. The judgment seems proper and just. Shehan v. Shehan, supra. Certainly it is not shown to have been either unjustified or an abuse of judicial discretion. The father of this child seems to be not very industrious, and is pretty rough when drinking. At least, he does not seem to be appreciative of the responsibility of fatherhood. The mother's employment necessarily requires that the child be looked after by someone else. In all probability, this child will live with and be cared for by the paternal and maternal grandparents. They are estimable people and their homes and environments are much alike. All of them want the little fellow.

Changes in the circumstances and other causes may justify or require a modification of the order of custody at any time.

The judgment is affirmed.