Birchel SEXTON, Appellant,

v.

Ina Ree SEXTON, Appellee.

Court of Appeals of Kentucky.

May 28, 1965.

Paul E. Hayes, Prestonsburg, for appellant.

W. W. Burchett, Joe P. Tackett, Prestonsburg, Jack L. Lewis, Paintsville, for appellee.

WADDILL, Commissioner.

This case involves the custody of Angela Sexton, who is approximately five years of age. Subsequent to the divorce of the parties to this appeal, a change in the custody order entered in their divorce action was sought by the child's mother, Ina Ree Sexton. Following a hearing the chancellor awarded custody to the mother and fixed certain periods when the father, Birchel Sexton, could visit the child.

On this appeal the chief contention of Birchel Sexton is that the chancellor abused a sound discretion in deciding the custody question because the testimony established that Ina Ree Sexton had indulged in immoral conduct and that her present behavior shows her to be unfit for the responsibility of properly rearing this child.

The rule which we ordinarily apply in cases of this character is stated in Babb v. Babb, Ky., 293 S.W.2d 728, thusly:

"* * * It is the general rule, as the appellant submits, that a child of tender years should be cared for by his mother unless she is shown to be unfit for the responsibility. But the father's rights may not be ignored. Always the welfare of the child is the chief consideration, regard being had for all the circumstances of the particular case. * * *"

The record contains the findings of fact and rulings of law of the chancellor. It also discloses an analysis of the testimony and reasons for the conclusions reached. While there is some doubt in our minds as to whether the chancellor should have awarded the child's custody to the mother, we are unwilling to say there was an abuse of judicial discretion.

Changes in the conditions may justify or require a modification of the order of custody at a future time.

Appellant's other contention is that the chancellor failed to make specific findings of fact and conclusions of law. As heretofore indicated these are adequately set forth in the chancellor's written opinion.

The judgment is affirmed.

HILL, J., not sitting.