Donald Lynn RUDD et al., Appellants,

v.

Wanda Mills RUDD et al., Appellees.

Court of Appeals of Kentucky.

Oct. 13, 1967.

Jerry W. Nall, Nall & Stephens, Owensboro, for appellants.

J. Quentin Wesley, Wathen & Wesley, Morganfield, for appellees.

MONTGOMERY, Judge.

Donald Lynn Rudd, the husband, and Chester Rudd, his father, appeal from the

ished by the 1962 amendment of KRS 435.022 (1962 c. 90).

**574**

judgment in a divorce action in which Wanda Mills Rudd was awarded the custody of Del Lynn Rudd, an infant boy, and J. Quentin Wesley, an attorney, was allowed a fee. Appellants urge that the mother was not a suitable person to have custody of the child and that two attorney fees should not have been allowed.

The father and mother of the child were married on August 18, 1962. Del Lynn was born March 6, 1963. The married life of his parents was not tranquil. They were separated three or four times before the divorce action was filed. The evidence indicates that the chancellor's choice in placing custody was between an emotionally unstable father who beat his wife severely and who had no suitable place for the child and a mother whose conduct left much to be desired. The chancellor found that the wife had established a ground for divorce but had asked only for divorce from bed and board. An absolute divorce was granted to the husband on the ground of cruel and inhuman treatment, the chancellor having concluded that "there should be a clean break."

Throughout the prolonged and bitter litigation there was trouble over the custody of the child. At one time neither parent had a satisfactory place in which to keep the child, and temporary custody was awarded to Chester Rudd, a grandfather. The evidence is in conflict and shows that the chancellor's choice was limited to the lesser of two evils. Detailing the facts would serve no useful purpose. Appellants have not demonstrated that the chancellor was clearly erroneous. CR 52.01. Ingram v. Ingram, Ky., 385 S.W.2d 69. Nor has it been shown that there was an abuse of discretion by the chancellor. Newby v. Newby, Ky., 275 S.W.2d 779; Sexton v. Sexton, Ky., 391 S.W.2d 380.

It is contended that fees were allowed to two attorneys in violation of the rule that only one fee can be allowed. Hall v. Hall, Ky., 380 S.W.2d 231. The judgment appealed from provides for a payment of "the plaintiff's attorney fee in the sum of $400.00."

Appellants do not show to whom or when any other attorney fee was allowed. There is no merit in this contention.

Judgment affirmed.

All concur.