CASE 60—ACTION BY LULA P. THOMPSON AGAINST J. M. THOMPSON
AND OTHERS IN THE NATURE OF A BILL OF DISCOVERY.—FEB. 3.

# Thompson v. Thompson, &c.

### APPEAL FROM LAUREL CIRCUIT COURT.

FROM THE JUDGMENT PLAINTIFF APPEALS.   REVERSED.

DECEDENT'S ESTATE—ALLOWANCE TO WIDOW AND CHILDREN—DELAY IN
   APPRAISAL—EFFECT—SET-OFF—ASSIGNEE OF JUDGMENT PRIORITIES.

Held:   1. Where the only assets left by a decedent, exclusive of a
   judgment in his favor, are insufficient to make up the statu-
   tory exemption provided by Kentucky Statutes, 1899, section
   1403, in the personalty allowed to the widow and children, and
   the balance necessary to make up the deficiency, together with
   the expenses of the last sickness and of administration, will ex-
   haust such judgment; the judgment debtor can not offset a
   judgment against decedent, purchased by him, though it
   was bought prior to the filing of the appraise bill of decedent's
   effects in which the widow's allowance was made out of the de-
   cedent's judgment.
2. At the death of decedent the property specifically exempted by
   statute from distribution and sale, at once ceased to be a part
   of his estate and vested instantly, by operation of law, in the
   widow for the benefit of herself and the infant children residing
   with her, and it is not necessary to appraise it to make it her
   property.

SAM C. HARDIN, ATTORNEY FOR APPELLANT.

   At the death of appellant's husband, W. H. Thompson, there
was set apart to appellant and her infant children in lieu of
exempted property not on hand, the amount of a judgment for
$400, which her husband had against appellee, J. M. Thomp-
son, on which she brought this suit to subject to its payment
property belonging to him, but fraudulently held by his wife,
who is also a defendant.   After the death of appellant's dece-
dent, appellee bought a judgment against his estate which he
plead as a set-off against the said action, and which plea was
sustained by the lower court, from which ruling this appeal is
prosecuted.

1. We claim that upon the death of the decedent under the statute, a certain kind of property, if on hand, if not then its value, vests *eo instanti* by operation of law in the widow.

2. The setting apart of the property is merely for the purpose of designating the individual pieces if on hand, and valuing them, and supplying the places of those not on hand.

3. We also claim that the funeral expenses and medical bills paid by the widow for decedent are preferred claims against the estate, and have priority over a judgment debt against said estate.

### AUTHORITIES CITED.

Russell v. Russell, 14 R., 236; Crabtree v. Crabtree, 11 R., 812; Mallory v. Mallory, 92 Ky., 316.

W. L. BROWN, G. G. BROCK, FOR APPELLEE.

1. It has been held in an unbroken line of decisions that courts, both of law and equity, may order one judgment set off against another. See Civil Code, sec. 377.

2. The personal representative is substituted in the place of the decedent, and is in no better place than the decedent whom he represents.

3. The judgment pleaded was obtained against decedent previous to his death, and might have been set off against him if he had been living, and we contend that this right is not lost by his death.

4. The appraisers appointed by the county court to appraise the estate of the decedent in 1898, did not file their report of the appraisement until May, 1902, when the law requires it to be filed in three months.

### AUTHORITIES CITED.

Civil Code, sec. 377; Black on Judgment, secs. 1000, 1001, 1005; McBrayer v. Dean, &c., 38 S. W., 508; Bush v. Monroe, 47 S. W., 215; Ely & Shrieve v. Com., 5 Dana, 271.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

It appears that prior to April, 1898, W. H. Thompson, husband of appellant, instituted an action in the Laurel circuit court against appellee, J. M. Thompson, for the recovery of several thousand dollars. During the pendency of this action, and in the month of April, 1898, W. H. Thomp-

son died intestate. His widow, Lula, appellant herein, administered on his estate, and the action was revived in her name as administratrix, and prosecuted to judgment. From this judgment an appeal was taken by J. M. Thompson, and this court reversed that judgment, 22 R. 784, (66 S. W., 1007), and directed that the lower court enter judgment in favor of Lula Thompson as such administratrix for the sum of $400 and the cost of that action in the lower court. The judgment was entered at the March term, 1902, in conformity with the opinion of this court. Appellant caused an execution to be issued on this judgment, and placed it in the hands of the sheriff of the county of appellee's residence, which was returned by the sheriff with the indorsement, "No property found to make this *fi. fa.* or any part thereof." She then instituted this action in equity in the nature of a bill of discovery, making the appellee and his wife, Sallie Thompson, and the Standard Coal Company, defendants, alleging that the appellee was the owner of the stock in the Standard Coal Company, and had transferred the same to his wife for the purpose of covering up, cheating, and defrauding his creditors. The defendants in that action answered, denying these allegations. The appelleee, J. M. Thompson, in addition to traversing the allegations of the petition, pleaded what he termed a set-off or counterclaim, to wit, that he had purchased from one Pugh a judgment obtained in the Laurel quarterly court for the sum of $170, with interest, and cost of $9, against W. H. Thompson. He claimed to have purchased this judgment the 23rd day of May, 1902, and on that day Pugh assigned and transferred it to him, and he asked this judgment be set off against the judgment which the appellant held against him, and proffered to pay the difference between the two to appellant. She filed her reply, in which she

denied the right of appellee to set off this claim against her judgment for the reason, as she alleged, that when her husband died in April, 1898, she was left as his widow, with three small children—Leslie, Blanche, and Mabel Thompson—who were all under the age of ten years, and children of the decedent, W. H. Thompson, and were living with and dependent upon her for support; that W. H. Thompson at his death did not leave the personal property on hand exempted to her and the children under section 1403 of the Kentucky Statutes of 1899. All of the personal property then on hand was appraised by the appraisers and set apart to her and the children, and amounted to only $210.15. The appraisers specified these articles in their appraisement, but did not file it in the county court until the end of the litigation hereinbefore referred to, and on the 30th of May, 1902, added in substance to this appraise bill the following, and signed and filed it with the county court:

In lieu of ten head of sheep not on hand.............. $ 15
"   "   "  spun yarn and manufactured cloth .........    20
"   "   "  Family Bible ..........................     3
"   "   "  loom ..................................    15
"   "   "  plow and gear .........................    10
"   "   "  wagon ................................    50
"   "   "  sufficiency of provisions, including bread stuff
           to sustain the widow and three infant child-
           ren, there being no growing crop or live stock
           on hand at the death of W. H. Thompson out
           of which to set it apart, the sum of.........   200
"   "   "  one horse not on hand...................   100

The appraisers set these sums apart to the widow and children, to be taken out of the judgment against appellee. The appellee filed a rejoinder to this reply, claiming that,

as he became the owner of the Pugh judgment on the 23rd of May, and this appraisement took place on the 30th of May, his rights in this judgment were fixed, and he was entitled to a set-off against the judgment in favor of appellant against himself before she and her children obtained any interest in the judgment against him. The lower court seems to have taken appellee's view, and adjudged that he was entitled to a set-off of the one judgment against the other, and that he be required to only pay her the difference. The appellant has appealed, and asks a reversal.

It appears from the record that this judgment against appellees, together with the articles of property named in the appraise bill, and set apart to the widow and children, constituted the whole of the personal estate left by W. H. Thompson at his death. And it also appears that the burial expenses of the decedent and the cost and charges of the administration of his estate have not been paid. The effect of the judgment of the lower court gives appellee, under his assigned Pugh judgment, which was not a lien upon any part of the decedent's estate, precedence over the statutory claim of the widow and children and other preferred claims under the statutes. At the death of W. H. Thompson the property specifically exempted by statute from distribution and the sale at once ceased to be a part of his estate, and vested instantly by operation of law in the widow, for the benefit of herself and the infant children residing with her. It was not necessary that the appraisers should appraise and set it apart to make it her property. The statute fixed that. The appraising and setting apart of the property is merely for the purpose of designating the individual pieces of property and valuing them, and supplying their places with other property, and separating it from the balance of the estate, when required. But in this case

there was no other property left after giving to the widow and children the amount allowed by law, except the balance of this $400 judgment against appellee, and this balance will probably not more than pay the preferred claims.    Appellee, by the assignment of this claim by Pugh, obtained no greater rights than Pugh had.    If Pugh had presented this judgment in the settlement of decedent's estate, it can not be contended that he could have defeated the exemptions of the widow and children and the preferred claims. Mallory's Adm'rs v. Mallory's Adm'r, 92 Ky., 319, 13 R., 579, 17 S. W., 737.

Wherefore the judgment of the lower court is reversed, and the cause remanded for further proceedings consistent herewith.

Judge O'Rear not sitting.