## Louisville Water Co. v. Scholtz, et al.

(Decided October 27, 1910.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

Contract — Breach— Building Sewer— Appeal— Reversal — Separable Finding—New Trial.—In an action on a contract by appellees with appellant Water Company to put a sewer in on Broadway street in the city of Louisville, in which it is alleged that the work was not done according to contract; Held, that the evidence sustains the finding of the jury fixing the damages for the first and third breaks in the sewer, but does not sustain their verdict allowing $180.00 for the first break, and as the amount of the finding for the $180.00 can be separated from the other finding, a new trial will not be awarded, but a judgment will be entered for the balance of the verdict. Lexington R. R. Co. v. Johnson, 122 S. W. 830, 139 Ky —.

CARROLL & MIDDLETON for appellant.

E. C. WURTELE for appellees.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Scholtz and Vogt, as partners, contracted with the city of Louisville to put in a sewer on Broadway in the year 1908; and to do this had to dig a ditch six and a half feet wide and from ten to fifteen feet deep. The six inch water main of the water company ran parallel with the ditch. The main was not straight; at some places it was two feet from the ditch and at others it protruded over on the ditch. The contractors shored up the earth with plank to keep it from caving in during the digging of the ditch. There were three breaks of the water main which flooded it, and the contractors brought this suit against the water company to recover the damages they sustained thereby, alleging that by the first break,

which occurred on September 28, they were damaged $180; by the second break, which occurred on October 7, they were damaged $95, and by the third break, which occurred on October 14, $700. The case was submitted to a jury, who returned a verdict in favor of the plaintiffs for $1,000.00; the court thereupon informed the jury that they could not find exceeding $975.00, under the instructions of the court, as this was the sum of the amounts sued for. The foreman then informed the court that the jury had understood the 5th instruction to authorize them to find damages in their discretion. There had been evidence on the trial by one of the plaintiffs to the effect that they were damaged $2,000.00. The jury returned to their room, and then brought in a verdict for $975.00. The court entered judgment on the verdict and the water company appeals.

The jury had simply misunderstood the instructions of the court, and were properly sent back to their room by the court to correct the verdict, which was in violation of the instructions. The case of Brown v. Morris, 66 Ky. 81, is not in point. In that case the jury did not correct the verdict. There being simply a misunderstanding here, there is no reason for setting aside the verdict of the jury after the meaning of the instructions was stated to them by the court.

There is no complaint as to the admission of evidence or the instructions of the court to the jury. The only remaining complaint is that the verdict is not sustained by the evidence. The evidence shows sufficiently that the second break and the third break of the main were due to the negligence of the water company. The water company knew when the first break occurred that the pipe was defective, and there is sufficient evidence that it did not exercise ordinary care after it had knowledge of the defectiveness of the main. The evidence also sustains the finding of the jury, fixing the damages for the second and third break at $795.00. But the evidence does not sustain the verdict of the jury as to the first break, or allowing $180.00 damages for it. While there is some evidence in the record that the main was defective from rust and an old crack, there is nothing in the record to show that the water company knew this, or by ordinary care could have known it, before the break occurred, and all the facts in the record leave little doubt in our mind that this break was due to the settling of the ground from the digging of the ditch so

close to the water main, thus putting a strain upon it, which it had not had, and causing it to break.   There should have been no recovery for the first break; and to the extent of $180.00, the verdict is not sustained by the evidence.   It is perfectly manifest from the record what was allowed by the jury for this break.   The amount $180.00, can be separated without doubt from the other finding, and where this can be done, a new trial will not be awarded, but a judgment will be entered for the bal- ance of the verdict.  (Lexington R. R. Co. v. Johnson, 122 S. W. 830.)

Judgment reversed and cause remanded to the cir- cuit court with directions to enter a judgment in favor of the plaintiffs upon the verdict for $795.00.