# Louisville & Nashville Railroad Company v. Commonwealth, By &c.

(Decided June 18, 1918.)

## Appeal from Franklin Circuit Court.

1. Taxation—Corporations and Corporate Property—Assessment—Omitted Property.—In a suit by a revenue agent to assess property alleged to have been omitted by a corporation in its report, the burden is on the Commonwealth to show the omission and the value of the property omitted, and on the corporation to show that notwithstanding the omission to report the species of property, the board, from other sources of information, considered it in making its assessment.

2. Taxation—Corporations and Corporate Property.—In fixing the value for assessing purposes of an item of property that a corporation failed to report, the court should ascertain how much the assessment fixed by the assessing board should be increased on account of the addition of the value of the omitted property, and certify the increase, so found, as provided in the statutes.

3. Taxation—Corporations and Corporate Property.—Under the provisions of sec. 4241 of the Kentucky Statutes it is competent in a suit by the Commonwealth in the name of a revenue agent to assess omitted intangible property of a corporation, the original assessment of which may have been made by any of the agencies provided for that purpose.

4. Taxation—Assessment of Railroad Franchise.—A railroad company operating lines both in and out of the state should report the lines owned, operated, leased and controlled in the state, as well as out of the state, as provided by section 4079 of the Kentucky Statutes, and the board of valuation and assessment in assessing the franchise of such corporation and apportioning to Kentucky the amount upon which it may collect taxes shall take into consideration such owned, operated, leased and controlled lines.

5. Taxation—Assessment of Railroad Franchise.—In order for a line of road to be a controlled one within the meaning of the statute, the reporting company must own a controlling interest in its stock, since it would not be such a controlled line if the reporting company, in connection with another independent one, jointly own a controlling stock in the line reported through a business understanding or otherwise.

6. Taxation—Assessment of Railroad Franchise.—A line which the reporting company may have leased is none the less a leased line because another company might also own and exercise privileges over the leased line.

7. Taxation—Assessment—Res Adjudicata.—The doctrine of res adjudicata applies in proceedings instituted by revenue agents for the assessment of omitted property with as much force as in any other character of suit, and when such a proceed-

ing is tried out on its merits, the judgment will be a bar to any . other suit instituted by any other revenue agent for the same relief in that or any other county court.

8.    Taxation—Assessment of Omitted Property.—In this proceeding . filed by a revenue agent in the Franklin circuit court to assess as alleged omitted intangible property against the corporate defendant, in which the defendant interposed for each of the four years involved pleas in bar—evidence examined and held the pleas sufficient for three of the years but insufficient as to one of them.

CHARLES H. MOORMAN, HENRY L. STONE and GUY H. BRIGGS for appellant.

CHARLES H. MORRIS, Attorney General, HAZELRIGG & HAZELRIGG, J. P. HOBSON & SON, L. W. MORRIS and W. C. MARSHALL for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This is a proceeding instituted in the Franklin county court by the Commonwealth of Kentucky through Earl C. Huntsman, revenue agent, as relator, seeking to have assessed against the appellant here and defendant below, Louisville & Nashville Railroad Company, what the relator claimed was omitted intagible property for the fiscal years of 1907, 1908, 1909, and 1910. The right to maintain the proceeding is claimed by the Commonwealth to be given by the provisions of section 4241 of the Kentucky Statutes, the part of which it is claimed furnishes the remedy being:

"It shall be the duty of the sheriff or Auditor's agent to cause to be listed for taxation all property omitted, or any portion of property omitted by the assessor, board of supervisors, board of valuation and assessment or railroad commission, for any year or years. The officer proposing to have such property assessed shall file in the clerk's office. of the county in which the property may be liable to assessment, a statement containing a description and value of the property proposed to be assessed, and the value of corporate franchise, if any, and the name and place of residence of the owner, his agent or attorney, or person in possession of the property, and the year or years for which the property is proposed to be assessed."

Section 4260 of the statute also provides for this kind of remedy, but in slightly different phraseology. It, so far as pertinent, reads:

"It shall be the duty of the revenue agent, and the sheriff in his county, to cause to be listed for taxation all property omitted by the assessor, board of supervisors, board of valuation and assessment, or railroad commission for any year or years."

It will be observed that each of the sections provides for this character of proceeding to assess omitted property which had been omitted by any of the assessing authorities of the State, one of which is the board of valuation and assessment, whose duty is to assess what in the statute is termed the *franchise* of a corporation, but in reality is nothing more than the *intangible property* of the corporation. Section 4241 is somewhat more specific in prescribing the powers and duties of the sheriff or revenue agent by whom the proceeding may be instituted, in that it prescribes for the assessment in such proceeding of "any portion of property omitted" by any of the asessing authorities, including that of the board of valuation and assessment. This, to our minds, clearly indicates that the legislature recognized that there might be a *portion* of a corporate franchise or of its intangible property which might be omitted from assessment by the board of valuation and assessment, and it was such *omitted portion* that could be reached by the sheriff or revenue agent in this character of proceeding. This view of the meaning of the sections of the statute is strenuously combatted by the defendant railroad company and a number of cases, which, to say the least, seemingly support the position of defendant's learned counsel, are cited and relief upon. However, the question was put to rest in the recent opinion of this court in the case of Commonwealth v. Kentucky Heating Company, 180 Ky. 607, wherein a former opinion in that case which is reported in 176 Ky. 35, and in which the position of defendant's counsel was upheld, was modified in so far as the first opinion upheld the position now contended for, and that part of the first opinion was withdrawn. In the modified opinion it is said:

"The failure to report such item or species of property and the value thereof is an omission and not an undervaluation of its property by the corporation, and therefore the item or species of property which the corporation failed or refused to report may be assessed at the suit of a revenue agent, or the sheriff, in the manner provided in the statutes, and so much of the opinion as lays down a contrary rule is now withdrawn."

The modified opinion from which the excerpt is taken was rendered after mature consideration of the question upon a petition for rehearing filed in that case, and it is now the settled law upon the subject.

To enable the board of valuation and assessment to properly value for purposes of taxation the franchise or intangible property of a railroad corporation it is required to report to the Auditor of Public Accounts between June 30 and October 1, each year, certain facts prescribed by sections 4078 and 4079 of the Kentucky Statutes, and if the line or lines of the corporation extend beyond the limits of the state, there shall also be included in such report "the length of the entire lines operated, owned, leased or controlled in this state, and in each county, incorporated city, town, or taxing district, and the entire line operated, controlled, leased or owned elsewhere."

It would serve no useful purpose to here set out all of the facts which the two sections referred to require to be reported by the corporation whose duty it is to make the report, and it would be equally valueless to set forth the various complaints made by the original statement and its amendments in this case concerning the items omitted in the reports for the respective years under consideration wherein it is claimed that portions of defendant's franchise were omitted, since on this appeal there are only two such complaints involved.

A demurrer to the statement and to it as amended was overruled by the county court, and appropriate pleadings made the issues. That court upon final hearing increased the franchise assessment against the defendant in the sum of $10,000,000.00 for each of the years in question. An appeal was prosecuted from that judgment by the defendant to the Franklin circuit court, and upon final hearing in that court judgment was rendered increasing the assessment for the year 1907 to $13,176,640.84, and a corresponding increase for the other years in question in accordance with the facts which the court found relative to those years.

The basis of the judgment appealed from is that in the report for the years involved which the defendant made to the Auditor of Public Accounts it included the mileage of lines both in and out of this state which it leased, and also the lines which it controlled by stock ownership but which were operated by the company in which the defendant held its stock, since the court was

of the opinion that neither such leased lines nor such controlled lines should have been reported or taken into account or considered in estimating the proportion of the intangible property of the defendant taxable in Kentucky. This was because the trial court took the view that although section 4079 required the defendant to report to the auditor leased and controlled lines both in and out of the state, and that in fixing the franchise the board of valuation and assessment should, under the provisions of section 4081, consider such leased or controlled lines, that the sections of the statute in reality meant that only owned and operated lines should be reported under the provisions of section 4079, and only such lines should be considered in apportioning the franchise tax to Kentucky under the provisions of section 4081. Because of this position of the trial court it increased the assessment of intangible property of the defendant in Kentucky for the year 1907 from 23.25% of its entire intangible property to 30.15% of such entirety making an increase of $15,074,750.93, eighty per cent. of which the court adjudged to be Kentucky's portion of the omitted intangible property for that year. The other years involved were increased in like manner for the same reason, the amount being dependent upon the facts found with reference to them.

In the report which the defendant made to the auditor forming the basis of the assessment for the year 1907, there was reported among other things, under the head of "other expenses," an item of $277,820.92, which the revenue agent insisted was not only improperly reported but falsely reported, in that instead of that item being expenses which would go to decrease the amount of the defendant's franchise for assessment, it in reality was earnings of the company, or, at any rate, assets, since it was shown upon the trial of the case by the deposition of George W. Lamb, defendant's comptroller, that that item consisted of amounts set aside for "charges against income and sinking fund charges," and a portion of it as a "reserve for doubtful accounts." The lower court held that that item should not enter into the expense account so as to reduce the net income of the defendant and correspondingly reduce the value of its intangible property, and it capitalized that item and assessed the capitalized sum as a portion of defendant's omitted intangible property. All the other con-

tentions of the Commonwealth were disallowed, and the only questions involved on this appeal concern the two items increasing the assessment of defendant's intangible property which we have just mentioned.

In addition to a traverse of the statement as amended, defendant relied upon pleas of *res adjudicata* for each of the years involved which were disallowed, and this action of the court is one of the grounds urged for a reversal of the judgment.

The proceeding relied upon in bar of the Commonwealth's right to maintain this action, in so far as the taxes for the year 1907 are concerned, was one filed in the county court of Jefferson county by D. L. Hardesty as revenue agent, some time in February, 1907. The statement in that case was afterwards amended, and the proceeding sought to have taxed alleged omitted intangible property of the defendant for that year made up of different items, one of which was incorrect report of the mileage of lines owned, operated, leased and controlled by the defendant both in and out of the state, but the court sustained a demurrer to the Commonwealth's pleading and it appealed to the circuit court, which court, upon motion of defendant, on January 18, 1913, dismissed the case, and it is this judgment of dismissal which defendant urges in bar of this action so far as it pertains to the year 1907. An examination of the record, however, shows that the motion to dismiss was made pursuant to the provisions of the act of 1912, now subsection 6 of section 4260 of the Kentucky Statutes, which provides that the court shall "cause said case to be dismissed without prejudice to the Commonwealth" if "no steps other than docketing the case or remanding the case or passing the case have been taken by the Commonwealth for the prosecution of said action for a period of two terms of such court, when it is a court having terms, or having a period of ninety juridical days when it is a court of continuous session." The Jefferson circuit court found that no saving step had been taken in that case for more than ninety juridical days, and upon that ground entered the order of dismissal. Clearly, in view of the wording of the statute, it does not require any argument to show that such a judgment does not constitute a bar to another action, since the statute expressly provides that the dismissal shall be *without prejudice*.

The judgment relied on in bar of the assessment herein sought for the year 1908 was rendered in a proceeding instituted in the Jefferson county court on December 4, 1911, by Arthur E. Hopkins, as revenue agent, in which he sought to have assessed as omitted property a large amount of intangible property belonging to the defendant, one item of which was a sum alleged to be due to an improper report of the mileage which was owned, operated, leased and controlled by defendant both in and out of the state. A demurrer was sustained to the statement in the county court, not, as we understand from the record, because it was insufficient to raise the question which the Commonwealth sought to present, but because the court was of the opinion that it was not only the right of the defendant, but it was also its duty under the sections of the statute, *supra*, to report, and for the board of valuation and assessment to consider leased and controlled lines of the defendant in and out of the state for the purpose of and in order to the assessment of defendant's intangible property. From the judgment sustaining the demurrer and dismissing the proceeding in the county court, the Commonwealth appealed to the Jefferson circuit court, and there the statement was amended by alleging the omission of certain tangible property from assessment, which was upheld by that court, and the tangible property assessed, upon which the defendant paid taxes, but the circuit court found in its judgment that: "All the rest of defendant's property situated in the state of Kentucky and subject to assessment for said year was reported by the defendant and was assessed for said year by the State Board of Valuation and Assessment and by the Railroad Commission of Kentucky."

However, the Commonwealth is now insisting that the judgment of the Jefferson circuit court in the proceeding just considered does not constitute a bar to the present proceeding seeking to assess omitted intangible property of the defendant for the year 1908 for two reasons: (1) That that suit was filed in the Jefferson county court after the present one was filed; and (2) because the assessment for that year by the Jefferson circuit court of the tangible property located in Jefferson county did not bar the right of the Commonwealth in this subsequent proceeding to assess for the same year omitted intangible property which was endeavored to be done in the Jeffer-

son county proceeding, under what is claimed to be an insufficient statement.

In support of the (1) objection we are cited to the cases of Harrison v. Wilkerson, 26 Ky. Law Rep. 260; Lucas v. Commonwealth, 121 Ky. 423, and other like cases, holding that the revenue agent first filing suit for the assessment of the same property is the one entitled to the penalty. Clearly, in those cases the question was a contest between revenue agents, and no question of either jurisdiction or *res adjudicata* was involved. Nor does the case of Commonwealth v. Southern Pacific Railroad Company, 127 Ky. 385, sustain this objection. The only question there decided was whether a suit like this abated upon the death of the revenue agent who instituted it. Nor does the case of Commonwealth v. Stearns Lumber Co., 31 Ky. Law Rep. 439, also relied upon, sustain the contention made. In that case a revenue agent instituted in the county court of Whitley county a suit against the Stearns Lumber Co. similar to this one, and there was a judgment assessing the defendant with some alleged omitted property, from which the company prosecuted an appeal to the circuit court, and while that appeal was pending and undisposed of another revenue agent instituted in the same county court a new and original proceeding to assess alleged omitted property for the same time covered by that of the first proceeding. In the second case the county court entered a judgment holding that defendant had listed all of its property for the years in question, and dismissed the proceeding. Afterward this last judgment was pleaded in bar of the case appealed to the circuit court, and this court held that under the peculiar facts the last judgment of the county court was no bar to the case pending in the circuit court, because it was offered to be shown on the trial of the *res adjudicata* plea that different property was involved in the two cases, and that the same county court in which both the cases originated could not annul one of its judgments by another, presumably on the ground that when the first case was appealed to the circuit court the county court from which the appeal was taken lost jurisdiction to entertain a new suit for the same relief. Moreover, the present suit was instituted on July 24, 1911. The revenue agent, Huntsman, by whom it was instituted, ceased to be such in November, 1911, and the Jefferson county suit to correct the assessment for 1908, which we are now con-

sidering, was filed on December 4, 1911, after Huntsman's term expired, and long before another revenue agent was substituted as relator in the present suit. But whatever might have been the rights of the parties upon a plea in abatement, none such was filed, and defendant was under no more obligation to make such a plea in the Jefferson county case than was the Commonwealth to refrain from instituting that proceeding.

Disposing of the (2) objection, we do not regard the fact—if it be a fact—that the tangible property which was assessed by the Jefferson circuit court was located in Jefferson county militates in the least against that judgment being a bar to the present proceeding. It is the duty of the railroad commission under the law to assess tangible property of a railroad company and not that of an assessor in any county through which it may run or operate its road or in which the property is located, and it has been the settled doctrine of this court that in this character of proceeding *all* omitted property, whether tangible or intangible, must be assessed in one case, since it is incompetent for the Commonwealth to file a separate proceeding for each item or species of alleged omitted property. In other words, it is the duty of the Commonwealth to include in one proceeding all omitted property for the particular period complained of. Stated in another way, the rule is that a subsequent proceeding will be barred not only as to the property which was assessed in a former one, but as to all property which might be assessed in such former one. Commonwealth v. Bacon, 126 Ky. 30; Commonwealth v. Adams Express Co., 118 Ky. 312, and Commonwealth v. Churchill, 131 Ky. 251. The reason for the rule is that litigation should not be tried by piecemeal, and that it is the desire of the law that there shall be an end to litigation.

Aside from what has been said, however, the statement filed in the Jefferson county court for the year in question, alleged as one of the grounds in support of the relief sought, improper mileage owned, operated, leased and controlled, reported by the defendant and considered by the board of valuation and assessment, in that neither the defendant was required to report, nor the board of valuation and assessment to consider, leased and controlled mileage, but only owned and operated mileage, and by sustaining the demurrer the court de-

cided this law question against the Commonwealth, and we see no reason why that judgment should not be a bar to this proceeding for the year in question.

Prior to December 18, 1909, John W. Cassaday, as revenue agent and relator for the Commonwealth, filed a proceeding in the Jefferson county court against the defendant, in which a large amount of alleged omitted property, both tangible and intangible, was sought to be assessed against it. In the second paragraph of the statement filed by him it is alleged that the defendant had reported to the auditor, and the board of valuation and assessment in assessing the franchise had considered, "as part of the mileage outside of the state those roads controlled by it (defendant) by stock ownership but operated by their own organizations, whereas said roads should not have been considered with the mileage outside of this state with the mileage in this state in arriving at the value of the franchise of the defendant exercised in this state," and .that such roads should have been neither reported nor considered, and because they were reported and considered the value of the franchise assessed in this state was improperly undervalued.

A demurrer was filed to that proceeding and sustained, and the Commonwealth appealed to the circuit court, where the demurrers were sustained by that court, and the case was brought here. and the judgment of the circuit court affirmed in the case of Commonwealth, By &c. v. L. & N. R. R. Co., 149 Ky. 829, where in the opinion will be found an elaborate statement of both the pleadings and the facts which they contain. In denying the contention of the Commonwealth that stock controlled roads should not be included in the report to the auditor, or considered by the board of valuation and assessment in apportioning to Kentucky its part of defendant's intangible property, this court said:

"The statute requires that the railroad company shall report to the Auditor of Public Accounts its entire lines 'operated, owned, leased or controlled' in and out of the state. If the railroad company owns a majority of the stock of another company, so that it may elect its directors and dictate its policy, there can be no doubt that it controls it within the meaning of the statute, and that such other railroad should be included in the report required to be made to the Auditor. If required to be reported, the board of valuation and assessment

may take them into consideration in fixing the value of the franchise of the controlling company in the state of Kentucky. That being true, the allegations in the second paragraph of the petition are not sufficient to show that the board of valuation and assessment, in fixing the value of appellee's franchise, adopted a plan different from that provided by the statute.''

We cannot therefore agree with counsel for the Commonwealth that this is a case for applying the rule that a judgment dismissing a defective pleading because of the omission of essential allegations is not a bar to a subsequent proceeding the pleading in which supplies the omitted essential allegations. The doctrine of the cases referred to—Thomas v. Bland, 91 Ky. 1, and Pepper v. Donnelly, 87 Ky. 259—so holding, are not applicable here, because of the all sufficient reason that in the Jefferson county case under consideration the demurrer was not sustained because of the omission of any essential allegation, but because the facts stated were insufficient to entitle the Commonwealth to relief. It was essentially a decision of the very issue involved in this case upon its merits. We therefore conclude that the judgment in that case bars the proceeding here so far as the taxes for the year 1909 are involved.

The same revenue agent, Cassaday, on April 21, 1910, in the name of the Commonwealth instituted a proceeding seeking to assess against the defendant certain enumerated property, both tangible and intangible, and made the question of the improper inclusion of stock controlled mileage in defendant's report to the Auditor, which was also, as alleged, improperly considered by the board of valuation and assessment and resulted in a reduction of Kentucky's portion of the valuation of defendant's franchise, as was made in the pleading of the Commonwealth in the case for 1909, which we have heretofore considered. A demurrer was sustained to it, and the allegations of the Commonwealth with reference to certain omitted tangible property being denied by the defendant, and no proof introduced by the Commonwealth, the proceeding was dismissed, and we are clearly convinced that the Jefferson county judgment pleaded herein in bar of the Commonwealth's right to any assessment for the year 1910 was a decision upon the merits of the case and should have been upheld by the trial court.

This leaves in the case only the judgment for the alleged omitted property for the year 1907. It appears in a former part of this opinion what increase was made by the judgment in the defendant's intangible property assessable in Kentucky for that year. By far the greater portion of that increase was because the trial court adopted, for ascertaining Kentucky's portion of such property, only the mileage of the defendant in and out of this state which it owned or operated; or, at any rate excluding its stock controlled mileage from consideration in fixing Kentucky's portion of the franchise, and of this the defendant complains, which complaint we think is supported by the case of Commonwealth, &c. v. L. & N. R. R. Co., *supra,* and also by the federal cases of L. & N. R. R. Co. v. Bosworth, 230 Federal Rep. 202, and L. & N. R. R. Co. v. Greene, et al., 244 U. S. 522. Indeed these opinions expressly hold just exactly what the statute says, viz., that the railroad company in a case like this shall report "the length of entire lines operated, owned, leased or controlled. . . . and the entire line operated, controlled, leased or owned elsewhere" (sec. 4079; and that the board of valuation and assessment shall consider such owned, operated, leased and controlled lines in apportioning the value of the franchise upon which Kentucky is entitled to collect taxes (sec. 4081). To hold otherwise would not only disregard the opinions in the cases referred to, but would be in the teeth of the statute itself, and we think that the trial court was in error in excluding leased and controlled lines and apportioning the taxes upon the basis of only owned and operated lines.

It is complained by the Commonwealth that conceding such to be the fact, the report made by the defendant to the auditor, upon which the assessment of the defendant's franchise for the year 1907 was made, included the mileage of the Chicago, Indianapolis & Louisville Railway, commonly known as the Monon Railway, which is situated almost entirely outside of the state of Kentucky, and according to the evidence heard in the case the defendant did not control that road in the sense contemplated by the statute in the use of that word. The testimony upon this point is that the defendant and the Southern Railway Company jointly, and by pooling their holdings of stock in the Monon road, control it. We are inclined to the opinion that the definition of the word

"control" which the statute contemplated was an actual control by the reporting company owning in its name sufficient stock in the controlled company to dictate and direct its policy, and that the word was not intended to include what might be termed influential 'control such as is attempted to be had here by the defendant and the Southern Railway Company jointly. To hold otherwise would enable the reporting company to give in as a controlled road one in which it might actually own an infinitesimal part of the stock but in conjunction with others owning a sufficiency of the stock to constitute a majority of it to control it by mutual understanding. Such a control we are thoroughly convinced was never contemplated by the statute in requiring controlled roads to be reported and to be considered by the board of valuation and assessment. The mileage of the Monon road, the extent of which is not shown, should neither have been reported nor considered by the board in valuing defendant's franchise, or in allotting to the Commonwealth its portion thereof.

It is also insisted by counsel for Commonwealth that the lines of the Georgia railroad and dependencies should not be reported as a leased road, nor considered as such by the board of valuation and assessment, because the testimony shows that that road, while leased and operated by the defendant, is also used by another lessee operating its trains over it. But we are unable to see wherein the defendant is any the less a lessee of that road because, forsooth, another, also a lessee, operates its trains over it. As we understand the record, the earnings which the defendant made in the operation of that road are included in the report to the auditor, and we think under the facts the lines of the Georgia railroad may properly be considered as a leased road within the contemplation of the sections of the statute, *supra,* especially in the absence of proof to show that defendant's lease was not *bona fide* and not exercised in good faith.

This leaves for consideration only the item of $277,820.92, which we have previously seen was reported by the defendant under the head of "other expenses" in its report filed with the auditor as a basis for the assessment for the year 1907. The report would seem to indicate that that is an expense item and should therefore be deducted from the earnings of the company, which, if done, would reduce the value of its franchise.

The explanation made by the witness, Lamb, to which we have heretofore referred, would likewise indicate that instead of that item being an expense it was an asset, intended at least to be devoted to sinking fund and other debt-paying purposes. The witness gave his deposition some ten years after making that report, and it is not shown by him what, as a matter of fact, was done with that item. If it was incorrectly reported in a way that it should be deducted from the earnings, instead of constituting a part of them, or in any other way so as to wrongfully require a reduction of the defendant's income by the amount represented, it was wrongfully reported, and to the extent that such wrongful reporting, if true, decreased the value of the defendant's intangible property, it is omitted property which should be assessed in this proceeding, either by capitalizing it or adding it to the defendant's income, according to the method which the board of valuation and assessment adopted in arriving at the value of defendant's intangible property for that year. We are unable to say from the record what the facts are with reference to this item, but in view of the fact that the case must be remanded to the trial court for a reassessment of the defendant's franchise after eliminating the Monon road, which is not controlled by the defendant as we have seen, we have concluded to refer to the trial court for a proper adjustment of the "other expenses" item under consideration, and if further proof which it may hear should show it was in reality earnings or income and, because of the false and inaccurate way it was reported—if false or inaccurate—it decreased the value of defendant's franchise under either of the methods referred to, it should enter a judgment making the correction as herein indicated, according to the method employed by the board in assessing defendant's intangible property for that year.

Wherefore, the judgment is reversed, with directions to proceed in accordance with this opinion. The whole court sitting.