## O'Hara v. O'Hara's Administrator.

(Decided November 29, 1918.)

### Appeal from Caldwell Circuit Court.

1. Judgment—*Res Judicata.*—In the settlement of an estate a judgment allowing a claim, when not appealed from, is final and conclusive, and a reassertion of that claim only for a larger sum at a later date is *res judicata.*

2. Descent and Distribution—Exemptions to Widow and Infants.—A widow and infant children of an intestate are entitled, under subsection 5 of section 1403, Kentucky Statutes, to an exemption of $750 to be set aside to them, free from the claim of creditors and heirs, and such exemption will prevail over all but preferred claims.

3. Executors and Administrators—Appropriation of Funds to Pay Individual Debts.—An administrator may not appropriate funds in his hands as such to the extinguishment of debts owing to him individually except as provided by law, and no such personal claim will be allowed to prevail over the exemption allowed to the widow and infant children under subsection 5 of section 1403 Kentucky Statutes.

4. Descent and Distribution—Exemptions to Widow and Infants.—The exemption allowed under subsection 5 of section 1403, Kentucky Statutes, vests *eo instanti* in the widow and infant children upon the death of the intestate, and a mere change of residence whereby the widow and infants become non-residents will not operate to work a forfeiture of the right or property, under such exemption.

5. Pleading—Blank Allegation.—A pleading which alleges an indebtedness "to the sum of $....................." is a nullity and the pleader is not entitled to recover any sum under such blank allegation.

S. HODGE and J. P. HOBSON & SON for appellant.

MILLER & MORSE and JOHN G. MILLER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part and reversing in part.

Another branch of this case was before this court styled "Mary P. B. Black, Admrx. of G. W. Z. Black v. James G. O'Hara, as Administrator *de bonis non,* etc.," and the opinion is found in 175 Ky. 623, but the questions here presented are very different from those upon the first appeal.

Mrs. Belle O'Hara is the widow of M. C. O'Hara, and M. C. O'Hara was the son of Wm. O'Hara. Wm. O'Hara in his lifetime had a claim against the government of the

United States for destruction or appropriation of property by the government, or its troops, during the Civil War. After his death this claim was prosecuted by M. C. O'Hara as administrator *de bonis non* of the estate of his father, Wm. O'Hara. A considerable amount of evidence was taken in depositions by M. C. O'Hara, and he expended, according to the evidence in this case, $185.00 in taking such proof. He also devoted considerable time to the task of preparing and presenting this claim, and in the meantime engaged G. W. Z. Black, attorney, in Washington, to represent the estate before the United States Court of Claims. Before the claim was finally adjudicated and allowed M. C. O'Hara died intestate and insolvent, leaving a widow and several infant children, all resident in Caldwell county, Kentucky. Thereafter James G. O'Hara, another son of Wm. O'Hara, and brother of M. C. O'Hara, was appointed administrator *de bonis non* of the estate of Wm. O'Hara, and continued the prosecution of the claim against the Government, and shortly after his appointment recovered about $4,000.00 thereon for the estate of Wm. O'Hara. Wm. O'Hara left ten children or their descendants surviving him, M. C. O'Hara being one. As the estate of Wm. O'Hara had been settled, except for this one claim, and as the administratrix of Attorney Black, who had prosecuted the claim, was insisting upon a fee greater than twenty per cent fixed by statute, the administrator *de bonis non* brought this action to obtain the direction of the court as to the distribution of this fund. The court below disallowed the claim of Black's administratrix, and she prosecuted the first appeal of this case to this court and obtained a reversal of the judgment. Up to that time Mrs. Belle O'Hara had not been made a party to the action but she shortly thereafter filed her petition asking to be made defendant and to be allowed to set up claim for her husband, M. C. O'Hara's estate against the estate of Wm. O'Hara. In this petition, which was treated as her answer, she alleged that the services of her husband, M. C. O'Hara, in prosecuting the claim for the estate of Wm. O'Hara, from which the funds were obtained, were reasonably worth $500.00 in addition to the $185.00 allowed by the court for the actual outlay of M. C. O'Hara in taking depositions. She took proof — three depositions —

which supported her claim though controverted by the administrator. The administrator offered no. evidence except that presented by Mrs. O'Hara.

The cause being submitted to the court, the following judgment was entered upon this particular claim:

"Then the claim of Mrs. Belle O'Hara, as widow of M. C. O'Hara, deceased, against the estate of Wm. O'Hara, deceased, on her cross-petition coming on to be heard, and upon the pleading, proof and exhibits and the court being advised allows to Mrs. Belle O'Hara the sum of one hundred dollars ($100.00), and S. T. Moore, master commissioner of this court be and he is hereby ordered to pay to Mrs. Belle O'Hara, or her attorney, S. Hodge, said sum of $100.00 out of the funds now in his hands as such commissioner, belonging to the estate of Wm. O'Hara, deceased, all further questions are held up for future consideration of the court.

"Mrs. Belle O'Hara objects and excepts to all the foregoing judgment failing to allow her more than $100.00."

Mrs. O'Hara offered to file motion and grounds for new trial but the court overruled the motion and refused to permit the same to be filed, to which she excepted. She also entered the following motion:

"The defendant, Mary Belle O'Hara, by her attorney, moves the court for an order directing J. G. O'Hara, administrator of M. C. O'Hara, deceased, to pay one hundred and seventy-four 50-100 ($174.50) dollars, the amount in his hands as such administrator to the defendant, Mrs. Belle O'Hara, widow of said M. C. O'Hara, de'cd, or to her attorney, S. Hodge, which motion was continued for the present.

This motion was also overruled.

The $174.50 mentioned in the foregoing order was a one-tenth of that part of the funds derived from the government by the Wm. O'Hara estate which had been previously distributed under direction of the circuit court; and James G. O'Hara having in the meantime been appointed administrator of M. C. O'Hara, received the said sum for the use and benefit of the estate of the said M. C. O'Hara. There was yet a portion of the funds undistributed to which the estate of M. C. O'Hara was entitled to one-tenth of the net proceeds. Mrs. O'Hara contends that as James G. O'Hara was administrator of the estate of Wm. O'Hara and also of the estate of her husband M. C. O'Hara, and being an heir and distributee of

Wm. O'Hara, his interests were antagonistic to those of M. C. O'Hara's estate, and being so, the said James G. O'Hara as administrator of M. C. O'Hara had failed and refused to present the claim of M. C. O'Hara's estate against the estate of Wm. O'Hara, and she therefore insisted and now insists, that she has the right in such case, being the beneficiary, to maintain an action for the recovery of such money. By subsection 5, of section 1403, Kentucky Statutes, the widow and infant children of an intestate are entitled to have set apart to them and receive $750.00, free from claim of heirs and creditors, this amount being exempt from distribution. And as the whole amount due the estate of M. C. O'Hara from this fund, taking into consideration his part as an heir of Wm. O'Hara and the additional $185.00 allowed for actual expenses in taking depositions, is less than $750.00, she is entitled to have the additional sum of $500.00, or so much thereof as will, when added to the foregoing sums, make $750.00, her exemption, peremptorily set aside to her and infant children. This right is disputed by the administrator on two grounds: (1) the widow and infant children now being non-residents of this Commonwealth have forfeited their right to the exemption allowed by subsection 5 of section 1403, Kentucky Statutes, the same being allowed only to persons actually resident in this Commonwealth; (2) that M. C. O'Hara's estate is insolvent and is indebted to him, J. G. O'Hara, individually, on different accounts, including one for funeral expenses to an amount greater than the total sum due that estate from the Wm. O'Hara estate.

1. It is urged, however, that the widow and infants having become and being at the time of the attempted assertion of this claim, non-residents of this state, they do not come within the statute which exempts certain property to actual householders of this Commonwealth. It has several times been held by this court that the right of a widow and infant children to property under this exemption vests eo instanti under subsection 5 of section 1403, Kentucky Statutes, and we apprehend that having once vested in and become the property of the widow and infant children a mere change of residence to another state would not operate to divest the widow and infant children of their right therein.

From the statutes it appears that the widow and infant children are entitled absolutely to an exemption of $750.00 to be set apart to them out of the estate of the intestate and free from the claim of creditors and heirs. Such an exemption does not prevail over funeral expenses, and had the administrator in his answer to Mrs. Belle O'Hara's cross-petition alleged that he had expended a given sum for funeral expenses in burying M. C. O'Hara and supported such allegation by proof, such claim would have had precedence over the exemption claim of the widow and infant children. This he did not do although he attempted to make such allegation. The answer says "Plaintiff, James G. O'Hara further says that there are debts against the estate of M. C. O'Hara unpaid and among the others the burial and funeral expenses of the said M. C. O'Hara which were paid by this plaintiff, to-wit: the coffin and other vestures in which he was buried, all amounting to the sum of $——." It will be observed that no sum or amount was actually alleged to have been expended for funeral expenses but a —— sum is alleged. Such an allegation this court has frequently held amounts to nothing at all, and as no proof was introduced to sustain it, it must necessarily fail. Lexington Ry. Co. v. Johnson, 139 Ky. 323; Lexington Ry. Co. v. Britton, 130 Ky. 676; Central Ky. Traction Co. v. Chapman, 130 Ky. 342. The other claim of James G. O'Hara, which is set forth in his answer by the following averment: "He (James G. O'Hara) paid as surety for his said brother, M. C. O'Hara, to the First National Bank, the sum of $——, and he will file herewith the note and the letter of his said brother showing said liability," is subject to the same criticism as the one above set forth, and is for like reasons insufficient. The exhibits referred to were in fact not filed nor offered and no proof was taken to sustain this charge of the administrator. However, if proof had been adduced fully supporting the allegation that James G. O'Hara paid the surety debt of his brother to whom this fund is going, nevertheless such claim would not prevail over the exemption allowed to the widow and infant children. Thompson v. Thompson, 117 Ky. 530; Mallory's Admrs. v. Mallory's Admr., 92 Ky. 319. Considered in this light the claims held by James G. O'Hara against the estate of M. C. O'Hara did not take precedence over that of the

widow and infant children to the funds in question. Especially is this true where the whole amount of the estate is less than the $750.00, and that seems to be true here because the only property owned by M. C. O'Hara at his death was household and kitchen furniture which are alleged to be worth not more than $100.00, and this is not controverted. An heir's part of this fund received from the government is less than $300.00, and if these sums be added to the $185.00 allowed from the estate as actual expenses in taking depositions, we yet have less than $750.00. So the widow and infant children appear to be entitled to receive the whole amount of this fund to which the estate of M. C. O'Hara is entitled.

From the record we are unable to determine upon what idea or theory the circuit court allowed Mrs. O'Hara the sum of $100.00. The order allowing the $185.00 and also a subsequent order of the court recites that said sum is for expenses and services of M. C. O'Hara in the prosecution of a claim against the government. But as there is no cross-appeal and no objection made to the allowance, it is unnecessary here to consider it further.

Undoubtedly the claim presented by Mrs. O'Hara for services of her husband in the prosecution of the claim was *res judicata,* because a judgment had been entered upon the claim some months before giving the estate of M. C. O'Hara $185.00 for services in this particular matter, and this order had not been vacated, set aside or appealed from and was, therefore, in full force and effect at the time she undertook to reassert the same claim. It was the duty of the administrator of M. C. O'Hara to present this claim and it appears that he did so do, and the judgment entered thereon was binding upon the persons concerned, including the widow. We find a subsequent order dismissing the cross-petition of Mrs. O'Hara absolutely although she had been previously adjudged an allowance of $100.00, and we conclude that the trial court based the order dismissing her cross-petition upon the theory that the matters presented were *res judicata.*

The trial court should have sustained the motion of Mrs. O'Hara to require James G. O'Hara as administrator of the estate of M. C. O'Hara to pay over to her the money received by him as administrator of the estate of M. C. O'Hara, after the payment of the legal charges

of administration, and upon a return of this case such order will be entered.

Judgment is affirmed in part and reversed in part with further directions to enter an order requiring the administrator to pay to the widow the sum due the estate of M. C. O'Hara, less only the cost of administration.