### Johnson v. Dry Creek Oil & Gas Co.

May 28, 1940.

Robert R. Friend, Judge.

Oscar P. Bond for appellant. `

J. W. Howard for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

In the first of these consolidated actions appellant, plaintiff below, on August 30, 1932, recovered default judgment against appellee, defendant below, for $50 as set out and prayed for in the petition and alleged to be due as damages to the surface and timber on a tract of land owned by appellant by the construction of roadways, etc., by appellee in developing an oil lease upon the land and which agreement between the parties concerning the damage had been reduced to writing. After the expiration of the term of court at which the judgment was rendered, appellant filed with the clerk of the court what is styled an amended petition setting out in substance that by oversight or by some typographical error in preparing the original petition it was alleged that the damage agreed upon and evidenced by the writing was $50 when it should have been alleged that it was $750 as evidenced by the writing; that at the time the original petition was filed appellee was indebted to appellant in the sum of $750 for damage instead of $50 as stated and that the whole of such sum was just, due and unpaid and he prayed that he recover the additional sum of $700 with interest from date of writing.

Appellee entered a motion to strike the amended petition on the ground that no action was pending because the judgment, including the costs, entered on the original petition had been paid and satisfied by check which was accepted by appellant and the cause stricken from the docket prior to the time the amended petition was filed. On July 25, 1938, the motion of appellee to strike the amended petition was sustained and the judgment was entered accordingly.

On October 3, 1938, appellant filed another action against appellee seeking to recover the full sum of $750 which was alleged to be due under the writing referred to in the original and amended petitions in the first action and set out at length in the latter, no reference be-

ing made to the first action or to the judgment rendered therein.

By answer appellee traversed the allegations of the petition. In a second paragraph it pleaded limitation and a third paragraph of the answer consisted of a plea of res judicata growing out of the first action and judgment therein which was set forth at length; and a copy of the petition and judgment was filed with the answer. By reply appellant traversed the affirmative allegations of the answer and in a second paragraph admitted the first action and judgment therein rendered but alleged that the judgment was erroneous because of mistake set out in the amended petition in the first action. A demurrer to the reply was sustained and appellant declining to further plead it was adjudged that his petition be dismissed and he take nothing thereby. The appeals are from this judgment and from the order and judgment in the first action striking the amended petition.

If appellant was prevented from recovering the full amount due him under the contract on which his actions were based because of alleged mistake in drafting his original petitions in the first action, then it is manifest that his remedy, if any, was to have the original judgment in the first action vacated or set aside and to be granted a new trial in some of the ways provided by the Civil Code of Practice. Certainly the amended petition in the first action could not be treated as an application for a new trial under Sections 340-343 of the Code because not made at the term of court in which the judgment was rendered. Nor do we think it may be treated as a petition for a new trial on grounds discovered after the term at which the judgment was rendered as provided in Section 344 of the Code, since no such relief is asked, and there is nothing in the pleading giving rise to even an inference that it is sought. In fact counsel for appellant does not contend that such was its nature or purpose but states that appellant sought to set up a new and additional cause of action. Furthermore it is to be observed that under Section 344 of the Code a new trial will be granted only on grounds discovered after the term at which the judgment was entered. The amended petition does not allege that the mistake was not discovered until after the expiration of the term at which the judgment was entered and it was therefore fatally defective, since otherwise the application should be

made in the manner pointed out in Sections 340-343. Illinois C. Ry. Co. v. River & Rail Coal & Coke Co., 150 Ky. 489, 150 S. W. 641, 44 L. R. A., N. S., 643, Ann. Cas. 1914C, 1255.

It is equally manifest that the petition in the second action may not be treated as an application or an action for a new trial since there is nothing in it to indicate that such was its intention or purport and it was filed more than five years after the rendition and entry of the original judgment in the first action, and if an action for a new trial, it would come too late. Louisville & N. v. Paynter's Adm'x, 125 Ky. 520, 101 S. W. 935.

Appellant likewise does not contend that it was the purpose of the second action to set aside or vacate the original judgment in the first trial and to be granted a new trial but rather rests his argument for reversal on the ground that under Section 134 of the Civil Code of Practice and authorities cited the court may at any time and in furtherance of justice permit amendments to pleadings and that the ends of justice will be better subserved by permitting parties to plead to an issue and proceed to judgment in conformity with the facts on the merits of the case rather than let one litigant profit to the disadvantage of another because of error or mistake upon the part of counsel. However none of the authorities cited indicate that in asserting rights, litigants are not required to follow definitely prescribed and well recognized modes of procedure or that courts may disregard them.

Under Section 763 of the Civil Code of Practice a judgment which might be set aside or modified by the court rendering it on motion made after the term at which it was rendered may not be reversed or modified by this court until motion to set it aside or modify it shall have been made in the lower court and overruled.

Turning to other phases of the case it is at once obvious that appellee's plea of res judicata is well grounded and should be sustained. No doctrine is more firmly established than that a party may not split a cause of action and that a second suit may not be maintained upon a cause which existed at the time of a former one between the same parties involving the same subject matter. Perry's Adm'r v. Louisville & N. Ry.

Co., 199 Ky. 396, 251 S. W. 202, 39 A. L. R. 560; Pond Creek Coal Co. v. Day, 187 Ky. 820, 220 S. W. 1053.

A judgment on a claim or demand not appealed from, vacated or set aside, is final and conclusive and any reassertion of that claim for a greater amount is res judicata. O'Hara v. O'Hara's Adm'r, 182 Ky. 260, 206 S. W. 462. In the case of Ewald's Ex'r v. City of Louisville, 192 Ky. 279, 232 S. W. 388, 391, it was urged that the doctrine of estoppel should not be applied because the sum recovered was insignificant in comparison with the sums due. However in the opinion it was said:

> "In reply to this contention it is sufficient to say that the doctrine of res judicata does not depend on the amount due, the amount sued for, or the amount recovered, but rests entirely on the principle that parties and privies ought not to be permitted to litigate the same issue more than once."

The doctrine of res judicata grows out of the desire of the law to terminate litigation as speedily as possible, an end which cannot be attained if causes of action are tried by piecemeal. Louisville & N. v. Commonwealth, 181 Ky. 193, 204 S. W. 94.

For the reasons indicated, the judgment is affirmed in each of the consolidated cases.