## Pope v. Pope.

(Decided April 25, 1912.)

### Appeal from Rockcastle Circuit Court.

1. Husband and Wife—Divorce—Restoration of Property.—Under section 425 of the Civil Code, providing in substance that every judgment for divorce shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained from or through the other during marriage, and that any property so obtained without valuable consideration shall be deemed to have been obtained by reason of marriage, if it appears that money or property has been received by the husband or wife from or through the other, the presumption arises that it was obtained by reason of marriage. Nor do the circumstances under which the property was given have any weight in determining whether it shall be restored. It is not material whether the parties were living together happily or not, or what was the state of their marriage relation.

2. Husband and Wife—Property Given to Settle Property Rights of Wife.—If the husband and wife have separated, or are in the act of separating, and growing out of this condition the husband gives to his wife property in settlement of her property rights, the property so given will not be treated as having been obtained by virtue of the marriage, and will not be ordered to be restored in a subsequent judgment of divorce unless there are strong equitable reasons why it should be done.

3. Husband and Wife—Action by Wife, After Divorce, to Recover Property Obtained During Marriage.—Where the husband during marriage gives to the wife property, and afterwards during the marriage relation takes it from her, she cannot in an independent action after the divorce is granted recover the property, unless it be shown that it was given to her in settlement of her property rights.

C. C. WILLIAMS for appellant.

L. W. BETHURUM for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

A general demurrer was sustained to a petition and an amended petition filed by appellant, and, declining to plead further, she prosecutes this appeal:

The petition averred that the appellee, who was then the husband of appellant, owned a tract of land that he sold for $2,000, and

"That at that time the plaintiff and defendant were husband and wife, but that they had a great deal of trouble, and her domestic life had been very unhappy; that the defendant had repeatedly threatened to kill her, and was guilty of such injury, or attempted injury, of the plaintiff as indicated an outrageous temper in him, or great bodily injury from her remaining with him; and that they were about to separate at that time. That when the defendant sold said land in Harlan county, he agreed with the plaintiff to give her $500 of the money, and that he did give her $500, but thereafter he forcibly took said money from the plaintiff and converted the same to his own use."

In the amended petition, she averred that when her husband, the appellee, gave to her the $500—

"That said money was given to her in view of and in contemplation of their immediate separation; the plaintiff says that they had reached the conclusion that they could not live in proper conjugal relations, that it was impossible for them to live as husband and wife, and that at that time they were preparing to and were about to sever their marriage relations, and that said sum of money was given to the plaintiff by the defendant in contemplation of the immediate severance and dissolution of their relations. The plaintiff further avers and charges that immediately thereafter they separated as husband and wife, and have not lived together as such since that time; and that in their suit for divorce nothing was said in the judgment about their property rights, and that no property was adjudged to either the plaintiff or the defendant. She further avers that she did not get the $500 in consideration of or by reason of her intermarriage with the defendant, but because they could not live in the proper conjugal relations and were severing the same; that a few days thereafter the defendant forcibly took said money from the plaintiff, and converted same to his own use, threatening to kill her if she refused to give him the said $500."

The substance of the averments in these pleadings, as we understand them, is that while the parties were liv-

ing together as husband and wife, although contemplating a separation which soon afterwards took place, the husband gave to the wife $500 in money and thereafter while the relation of husband and wife existed and while they were living together, forcibly took it away from her.

Putting aside for the moment the question of the right of the wife to maintain an action to recover money or property given to her, in settlement of the property rights of the wife after the act of separation has been completed, or while it is impending, we will consider the case in the aspect in which it is presented by the pleadings. If the husband gave the wife this money while they were living together as husband and wife, and took it away from her while they were living together as husband and wife, although it may have been given to her in contemplation of the immediate severance of the marriage relation, we think that section 425 of the Civil Code would preclude her from maintaining an action to recover it. This section reads in part:

"Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage."

The language of this section is very broad, and to make its meaning more effective it provides that "any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage." Therefore, when it appears that money or property has been received by the husband or wife, from or through the other, the presumption arises that it was obtained by reason of marriage, and if the property so received has not been disposed of, it must be returned to the donor in the judgment of divorce. Irwin v. Irwin, 107 Ky., 24. Of course, either the husband or wife may make a valid gift to the other, as was held in McWethy v. McCright, 141 Ky., 816; but if a divorce is subsequently obtained at the instance of either, section 425 of the Civil Code applies and the property so given must be restored. The question here presented was not in any form involved in the McWethy case. The only question before the court in that case was the naked right of

the husband to make a gift to the wife, or the wife to the husband, while the question here is the right of the wife after being divorced to maintain an action against the husband to recover money she alleges he gave her during the marriage relation.

An attempt is made to take this case out of the scope of this provision of the Code, by the averment that "she did not get the $500 in consideration of or by reason of her intermarriage with the defendant, but because they could not live together in proper conjugal relations and were severing the same." But this averment is not sufficient to overcome the presumption arising from the section of the Code that the money was given to her by reason of the marriage relation; nor does it present sufficient grounds why the wife should have been allowed to recover it. Although the parties were in the act of separating, and the money was paid in contemplation of the dissolution of their marital relations, it was nevertheless a gift that the husband under the averments of the pleadings would have been entitled to the restoration of in a judgment of divorce. It appears, however, that in preparing the judgment of divorce, the provisions of section 425 of the Civil Code were not observed, nor was any mention made of the property rights of the parties. The reason for this doubtless was that at the time the judgment was entered, neither of the parties had the possession of money or property that had been obtained from the other during the existence of the marriage relation. The husband had secured the possession of the money he had given his wife, and was not interested in having a judgment ordering its return. It seems quite clear that if the husband only got that which the court would have given him, the wife in this action is in no better condition that she would have been in the divorce proceeding if she had resisted the right of the husband to the restoration of the money upon the ground that she is here seeking to recover it. As she could not have prevented a restoration of the money in the divorce proceeding upon this ground, neither can she recover it in this independent action. There is, however, an exception to the rule prescribed by the Code in reference to the restoration of property and this exception arises and becomes effective when it is shown that the property was given to the wife in settlement of her property rights. If the husband and wife have separated, or are in the act of separating, and growing out

of this condition the husband gives to his wife property in settlement or partial settlement of her property rights, the property so given will not be restored in a subsequent judgment of divorce, unless there are strong equitable reasons why it should be done. It will not be treated as having been obtained in the meaning of the Code by virtue of the marriage, but rather in consideration and settlement of a valuable property right that the wife might have enforced against the husband. And so, if the husband gives to the wife property in settlement of her property rights, in contemplation of an immediate separation or after the separation has actually occurred, and afterwards forcibly or by other means takes it from her the wife in the action for divorce or in an independent action after a divorce has been granted may recover it. Flood v. Flood, 5 Bush, 167; Johnson v. Johnson, 96 Ky., 391.

But it is insisted by counsel that as this money was given to the wife by the husband in contemplation of their immediate separation, it should be treated as a settlement upon her of this sum, and her right to maintain this action allowed. But the pleadings do not support counsel in his argument. If they did, we would have a different question before us. There is no averment in the petition as amended that this money was given to the wife as a settlement of her property rights, and as the pleadings did not state any cause of action the judgment of the lower court is not a bar and does not preclude the wife, if the facts justify it, from successfully maintaining an action to recover the money upon the ground that it was given to her in contemplation of an immediate separation, and as a settlement or partial settlement of her property rights growing out of the marriage relation.

We do not think the petition stated a cause of action, and the judgment is affirmed.