## Woodford v. Woodford, et al.

(Decided February 4, 1915.)

### Appeal from Clark Circuit Court.

1. Husband and Wife—Divorce.—The wife's rights under a trust deed executed to a third party for the use and benefit of the husband and family, terminates with divorce, and it is the duty of the court to modify or set aside a former order granting her a portion of the rents and profits arising therefrom, where the court reserved in such order the right to change or modify the same.

2. Deeds—Trusts.—Where a trust deed reads, "for the use and benefit of my son, and his family," the wife and children were entitled to a portion of the benefits stipulated in the deed so long as they remained members of his family.

J. SMITH HAYS, JR., ELMER D. HAYS and J. SMITH HAYS for appellant.

PENDLETON, BUSH & BUSH for appellee.

Opinion of the Court by Judge Nunn—Reversing.

Two questions are raised on this appeal. First, what interest did the appellee take as the wife of L. A. Woodford under a deed of trust? Second, to what extent are her rights affected by a subsequent decree of divorce?

The trust deed was executed in October, 1882, and is as follows:

"Know All Men by These Presents, That I, S. A. B. Woodford, for and in consideration of the love and affection I bear my son, Lewis A. Woodford, hereby bargain, sell and convey to my son-in-law, Dr. Francis Jones, in trust for my son, Lewis A. Woodford, the following described real estate, to-wit: (Here follows description of land.)

"The above land is hereby conveyed to Dr. Francis Jones in trust for my son, Lewis A. Woodford, the title to be in said Jones, for the use and benefit of my son, Lewis A. Woodford, and his family; my said son and his wife and their children to have possession, use and control of same in any manner he or they may wish, but the rents, profits, crops or anything arising therefrom are not to be subject to or liable for any debts or obligation he may contract for or be liable to, and at my son's death, the title is to pass direct to his children, and if he die without children, then the same is to revert to my heirs. Possession is given as of this date, together with all the privileges and appurtenances to the same belonging.

"To Have and To Hold the same to the said Dr. Francis Jones in trust as above set out, hereby covenanting with the grantee, his heirs and assigns, that the title so conveyed is clear, free and unencumbered, and that will warrant and defend same against all legal claims whatsoever."

Under this trust deed Lewis A. Woodford and family took possession of the land and resided thereon. When the first controversy arose the family consisted of the husband, wife, and six children. For reasons which the record does not set forth Mr. and Mrs. Woodford separated. He with three children remained on the farm, and Mrs. Woodford with three children took up a residence elsewhere. In March, 1907, Mrs. Woodford, by petition in equity and relying upon the provisions of the trust deed, sued for herself and as next friend for

the three infant children residing with her, viz., Lelia Woodford, Stella Woodford and Bathurst Woodford. She sought to have a new trustee appointed in lieu of Dr. Jones, who had died some years prior, and to require her husband, L. A. Woodford, to pay to the new trustee, for the benefit of herself and the three children, one-half of the rents and profits, or else a judgment awarding them the use and occupation of one-half of the land. It was alleged that its rental value was $800. L. A. Woodford filed a written statement consenting that Frank Battaille be appointed trustee, and agreeing also that the net rental value of the land was $800, one-half of which should be paid to the plaintiffs, or to the new trustee for their benefit. Upon this statement the court entered judgment directing that the sum of $400 be paid to the trustee by L. A. Woodford for the benefit of Mrs. Woodford and the three children living with her. These payments to be made ''on the first day of March each year thereafter until changed or modified by mutual consent of the parties hereto, or by order of this court.'' These payments were made as stipulated in the judgment until March 1st, 1912. About that time Mrs. Woodford sued for divorce in the Clark Circuit Court. The record does not show, and for purposes of this case it is immaterial, what were the grounds of divorce. At the September term, 1912, Mrs. Woodford was granted a divorce from the bonds of matrimony, and the judgment contained a formal statement restoring to each any property acquired from the other because of the marriage. It does not appear that any attempt was made to recover alimony, nor was any property described or directly involved in the divorce proceeding.

Bathurst Woodford took up a residence about this time with his father; Stella Woodford had died in infancy and without issue; and it is conceded by briefs, and the judgment of the lower court so recites, that Lelia Woodford, the third child who lived with Mrs. Woodford, is now of age and married to one Young. Believing that the divorce judgment terminated the rights of Mrs. Woodford in the trust estate, L. A. Woodford failed to make further payment. That is, he ignored the judgment entered in the proceeding instituted in 1907, whereby it was ordered that $400 be paid for the benefit of herself and the three children residing with her.

In April, 1913, Mrs. Woodford gave notice, and on her motion the first action was redocketed. It does not satisfactorily appear that Lelia Woodford (Young) was a party to the notice. The answer which L. A. Woodford filed on the motion to redocket is a separate answer to the petition of Mrs. Woodford only. The answer sets up the death of Stella Woodford; the return to his home of Bathurst Woodford; the proceedings and judgment of divorce, and a denial of the right of Mrs. Woodford to possession or control of any of the land mentioned in the trust deed, or any rents or profits therefrom. It is averred that if she ever had any rights under the trust deed, they were such as accrued to her as a member of his family, and that when she ceased to be his wife, she was no longer a member of his family, and that he was under no further obligation to her by reason of the trust deed or otherwise. The court sustained a demurrer to this answer. L. A. Woodford refused to plead further, and the court adjudged that he continue to pay $100 each to Mrs. Woodford and Mrs. Young annually thereafter, with right in them to collect the same by rule or other process. L. A. Woodford appeals from this judgment and raises the questions already noted. He insists that the court should have carried the demurrer back to and sustained it to Mrs. Woodford's notice and petition.

Appellant argues that by the judgment of divorce all legal obligation of support was extinguished and no right to alimony longer existed. He says that as she did not ask for alimony and none was allowed in the divorce proceeding, then she is deemed to have waived her right thereto, because, under the law, allowance of alimony can only be made at the time or before judgment of divorce. Campbell v. Campbell, 115 Ky., 156.

Appellee does not controvert the rule that when a divorce is granted the wife cannot by a subsequent action secure alimony, but the application of that principle to this case is denied on the ground that her proceeding is not one for alimony. It is argued in her behalf that she was one of the parties for whose benefit the deed was executed and the trust created, and that she and her children took a present vested interest therein, and that by virtue of the proceeding in 1907 such interest was conceded by appellant, and established by order of court, and that the rights of the parties to

this property were then adjudicated, and are not affected by the subsequent divorce judgment, or by the formal order of property restitution made therein. In support of that position her counsel cite the cases of Johnson v. Johnson, 93 Ky., 391; Pope v. Pope, 148 Ky., 30; Flood v. Flood, 68 Ky., 167; William v. Gooch, 3 Met., 486; Bennett v. Bennett, 95 Ky., 545. These cases lay down the doctrine that Section 425 of the Code requiring every divorce judgment to contain an order of property restitution does not apply to property theretofore given, conveyed, or adjudged by final order, to the wife by a husband in settlement of her property rights. Such property is not treated as having been obtained in the meaning of the code by virtue of the marriage, but rather in consideration and settlement of a valuable property right that the wife might have enforced against the husband. The principle is well stated in the Johnson case:

"We are of the opinion that the property theretofore adjudged to the wife in the judgment of 1885 is unaffected by the general and formal order of restitution in the judgment of 1891. The law (Section 425, Civil Code) provides that every judgment for a divorce from the bonds of matrimony shall contain such an order of restitution, but the order is merely a formal one and is not intended to settle any controversy concerning the title of property, certainly not to set aside a former final judgment of the courts between the divorced parties. That judgment finally disposed of the property in controversy before the commencement of the action for divorce brought by the husband in 1891. The wife did not obtain the property in consideration of or by reason of the marriage."

But there is this difficulty in applying that principle here—the judgment in the 1907 action with reference to rents and profits was not a final disposition thereof, nor a final order as to the trust estate. The judgment expressly reserved to the court the right to change or modify it, and we think it the undoubted duty of the court to modify or even terminate the payments if the domestic relations of the parties have so changed as to make a performance of the former order inconsistent with the intent and purpose of the donor, as expressed in the trust deed.

So the question comes down to the rights of the parties under that deed. It is conceded that she has no right to demand alimony, now that the divorce decree is entered, and we are of opinion that she did not gain any fixed or permanent right under the 1907 judgment. The wife and children are not parties to the deed. Their names do not appear in the body or caption of it. The consideration is "love and affection I bear for my son, Lewis A. Woodford." The conveyance is to Dr. Jones, his son-in-law, "in trust for my son, Lewis A. Woodford." The purpose of the trust is, "for the use and benefit of my son, Lewis A. Woodford, and his family." It is true the deed then stipulates "my son and wife and their children are to have the possession, use and control of the place, and at the son's death the title is to pass to his children." But the manifest purpose of the donor was to provide for his son, and the provision was induced by the love and affection he bore for him. Out of regard for the son, he desired those to be benefited by the conveyance whose legal and moral duty it was for the son to support, and he gave expression to that desire in the deed. The son owed the duty, legally and morally, of support to the members of his family, and the family consisted of his wife and children. So long as that relation existed they had a right to look to him for support and they were entitled to the benefits named in the trust deed. In accomplishing the purpose of the donor the judgment in the 1907 proceeding met all the requirements, and was manifestly just and proper, because Mrs. Woodford was then his wife and the three infant children who were residing with her were his children, and he was in law bound to support them. As they reached maturity and the daughter married the legal obligation ceased. It also ceased as to Mrs. Woodford when the marriage relation was dissolved.

The case of Webb v. Holmes, 3 B. Mon., 404, was a suit for partition brought by the children against their mother, Mrs. Thomas. They claimed title under a deed executed by her parents conveying the land "to her, her children forever," and "for the entire benefit of her and his (her) children forever." The court denied the right of recovery or partition in the children during the lifetime of their mother, and in construing the deed said:

"This is a deed *inter partes,* in which Crist and wife are named parties on the one side, and Sarah Thomas and her husband on the other; the children are not parties, nor are they named as such in the caption of the deed, which, by the designation of the parties, is intended to confine the deed to those who are named, in exclusion of all others as contracting parties. And, as a stranger, who is not party to a deed, can derive no legal interest under it, or maintain covenant on it, so it is well established that those who are not parties to a deed can take no present interest under it; but those who are not parties may take by way of remainder. (Vo. L. 231, a; 3 M. & S., and the notes seq. Principal and Agent, 243.) So, to give to the deed operation at all, as to the children, they must be construed to take in remainder only, as they cannot take a present joint interest with the mother. And surely such construction should be given to the deed as to give some beneficial interest to the children, as they were clearly intended to be provided for. By giving to them an estate in remainder in fee, to take effect after the life estate of their mother, they all may be provided for, not only those who were born before, but those who were born after the date of the deed, for in that case there is a freehold to support the remainder until all the children are born. And it may be fairly presumed that it was as much the object of the donor to provide for after born children as those that were born before the date of the deed."

This rule is followed in the case of Foster v. Shrieve, 6 Bush, 519; Davis v. Hardman, 80 Ky., 672.

We are of the opinion that during the lifetime of L. A. Woodford his adult children cannot maintain a claim for the land or any part of it, and, except possibly Mrs. Young, it does not appear that they are setting up a claim. As for the appellee, Mrs. Woodford, she is no longer his wife and is not a member of his family, and, under our construction of the deed, she cannot claim any right or benefit under it. She is entitled to the payments, pro rata, up to the divorce, but no further.

The lower court should have carried the demurrer over and sustained it as to the petition and notice of Mrs. Woodford, and the judgment is reversed for proceedings in accordance herewith.