## Stiles v. Stiles.

(Decided May 15, 1928.)

### Appeal from Hardin Circuit Court.

1. **Divorce.**—Wife suing for divorce for husband's cruel and inhuman treatment under Ky. Stats., sec. 2117, may, on being granted divorce, be granted allowance of alimony under section 2122, although she was not entirely without fault.

2. Divorce.—Wife suing for divorce for cruel and inhuman treatment, under Ky. Stats., sec. 2117, may be granted a divorce, although she was not without fault, since, under the statute, she is entitled to a divorce on husband's conduct, unless "in like fault."

3. Divorce.—Where divorce action turns on the credibility of the witnesses, judgment of the chancellor on the facts cannot be disturbed.

4. Divorce.—Allowance to wife, obtaining divorce for husband's cruel and inhuman treatment, of $480 as permanent alimony, to be paid in monthly installments of $10, held not excessive where husband was receiving allowance of $22 a month for injuries received as soldier, and no further allowance was made for support of child, as wife was receiving $8.80 from government for its benefit.

5. Divorce.—Court granting divorce may modify order as to custody of child at any time when a change of circumstances occurs.

H. L. JAMES for appellant.

HAYNES CARTER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—. Affirming.

Hattie Stiles brought this action against her husband, James R. Stiles, for divorce, on the ground of cruel and inhuman treatment, under section 2117, Kentucky Statutes, which provides, among other things, that a divorce may be granted on this ground, in these words:

"Also to the wife, when not in like fault, for the following causes:
"1.  . . .
"2.  Habitually behaving toward her by the husband, for not less than six months, in such cruel and inhuman manner as to indicate a settled aversion to her, or to destroy permanently her peace or happiness."

They had a child five years old. Proof was taken, and on final hearing the court adjudged the wife an absolute divorce; awarded her the custody of the child until the further order of the court; but gave the husband the right to see the child and have it with him under reasonable circumstances. He adjudged that the husband pay the wife $480 as permanent alimony, to be paid in monthly installments of $10 a month, and provided that, if within 60 days he paid to her $425, this should be in full settlement of the allowance. The husband was receiving an

allowance of $22 a month from the United States on account of injuries received as a soldier in France, and, it appearing that the wife was receiving from the govern-ment $8.80 for the benefit of the child, no further allowance for its support was made for the present. The plaintiff's attorney was allowed a fee of $50 and the husband was adjudged to pay the cost of the action, including the attorney's fee. The husband appeals.

It is earnestly insisted that the wife was not without fault, and that though this court cannot disturb the judgment for divorce, it should, under the evidence, reverse the remainder of the judgment. Section 2122, Kentucky Statutes, provides:

"If the wife have not sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as shall be deemed equitable, and be restored to the name she bore before marriage, if she desires it."

In Tilton v. Tilton, 29 S. W. 290, 16 Ky. Law Rep. 538, this court thus stated the rule under the statute:

"We understand the rule to be that, in an action for a divorce, the right to alimony will follow if the wife is granted the divorce; and that, while the facts proven may not justify a divorce, alimony may never-theless be allowed; and while this court has no power to reverse a judgment of divorce, if the husband was not entitled to it, alimony will be given the wife, if otherwise entitled."

In Green v. Green, 152 Ky. 489, 153 S. W. 777, after setting out the rule as above stated, the court said:

"If the wife were required to be entirely without fault before she could ask a support from her husband, it would work a great hardship upon the wife, and give an undue advantage to the equally faulty husband, since divorces are generally the result of imperfections of character of both husband and wife.

"In questions relating to alimony the court is not called upon to compare these imperfect sympathies so as to determine, with certainty, which was most at fault; but where there is no moral delinquency upon the wife's part, it is a sufficient ground

for giving her alimony that the husband, being the support of the family, was a substantial participant in the shortcomings which led to the separation.''

The court is unable to say here that under the evidence the divorce should not have been granted to the wife. The chief insistence for the husband is that the wife was not without fault. But under the statute she was entitled to a divorce on his conduct, unless ''in like fault.'' Clearly she was not in like fault in any view of the evidence. The case turned on the credibility of the witnesses, and on the facts the judgment of the chancellor cannot be disturbed. It would serve no good end to spread upon this record the facts shown by the testimony. The wife was without estate.

The amount of the alimony allowed the wife is not excessive. The husband's conduct was inexcusable. The order as to the child may be modified by the court at any time when a change of circumstances occurs. For the present, the mother was properly adjudged the custody of the child five years old.

Judgment affirmed.