## Walden v. Walden.

(Decided June 23, 1933.)

(As Modified on Denial of Rehearing October 13, 1933.)

380

HIRAM H. OWENS, T. B. CULTON and T. E. MAHAN for appellant.

R. C. BROWNING, C. B. UPTON and R. L. POPE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is a suit for divorce brought by the appellee against the appellant based on the grounds of cruel and inhuman treatment and such cruel beating or injury of her by her husband as indicated an outrageous temper in him. The lower court granted the appellee the divorce she sought, awarded her the custody of their infant son nine years old, the sum of $60 a month for the support of herself and child, the use of the home owned by the parties jointly for the benefit of herself and child, the household goods then in the home, and a Dodge coupe outright. Her attorneys were awarded $300 attorney's fee to be paid by the appellant. From that judgment this appeal is prosecuted.

While we have no power to reverse the decree of divorce, we may review the evidence for the purpose of determining whether the judgment in other respects was proper. Section 950-1, Kentucky Statutes; Shehan v. Shehan, 152 Ky. 191, 153 S. W. 243.

The record in this case comprises 741 pages, all of which has been carefully read. It would serve no use-

ful purpose to detail or even summarize it. Suffice it to say that a careful consideration of it leads to the conclusion that it paints the picture of a very jealous wife, jealous without good cause or excuse, and a goaded husband who so far forgot himself as on several occasions to strike and severely bruise his wife without warrant. We find no convincing support in the record for the appellee's complaint of the alleged conduct of her husband with Estell Siler, nor do we find therein any such support for the more than covert attack made by the appellant upon his wife's character. But because of the unwarranted striking and bruising of the appellee by the appellant on more than one occasion, the trial court rightfully awarded the appellee the divorce she sought, which being true, alimony followed as a matter of course. Tilton v. Tilton, 29 S. W. 290, 17 Ky. Law Rep. 538; Jones v. Jones, 205 Ky. 538, 266 S. W. 48; Stiles v. Stiles, 224 Ky. 526, 6 S. W. (2d) 679.

We are next confronted with the question as to the propriety of the extent of the alimony awarded by the chancellor which, in turn, depends on the extent of appellant's estate and his earning capacity. The evidence discloses that he is an established physician in the city of Corbin and has a very large practice in that municipality and surrounding country. It is true that due to local conditions most of this business is at present not productive of much cash and may ultimately prove to be entirely unremunerative. But giving the evidence fair weight, we conclude that it indicates at least a net cash income for appellant of at least $250 or $300 a month. In view of this, the award of $60 a month for the support of appellee and the infant son, together with the use of the home for the benefit of these two, is not exorbitant. It is shown that this home cost in the hey day of the boom period of the twenties approximately $8,000. It could probably not be rented at present for as much as $40 a month, but conceding that amount, the use of the home by the appellee and the son is equivalent to an allowance to the appellee and her son of $40 a month in addition to the $60 specifically allowed. The total, in view of appellant's earning power and cash realizations, is not excessive.

The allowances made by the trial court are not unalterable and may be modified up or down from time to

time as the facts and circumstances at the time application for modification is made justify.

As to the boy, considering the welfare and best interests of the child, we are of the opinion that the court did not err in awarding his custody to the mother, who is shown to be of good character and a thoughtful, considerate, and attentive mother.

However, the order as to when, where, and for how long the father is to see and have the child is too indefinite and as worded may give cause for further disagreeable incidents between the parties. The court should make the times when, the places where, and the period during which the father may see and have this child with him perfectly definite and certain, and on the return of this case to the lower court it will so modify its judgment. Of course, the custody of the child is always subject to such changes as the court may from time to time make in the best interests of such child.

As to the Dodge automobile, conceding it had been a gift to the appellee by the appellant as she argues, of course it reverted to the husband on the divorce being granted. Section 425, Civil Code of Practice. Therefore, the award of it to the wife was by way of an additional allowance of alimony. Considering the model of the Dodge, the length of time it had been in the possession of these parties, and the mileage it had run, it could not have been of very great value at the time of the entry of the judgment below, and we are not disposed to disturb the finding of the chancellor on this score.

The household goods were conceded to be worth $2,000. As the appellant is not shown to own any property outside of his interest in the home, a Franklin automobile, his office equipment, personal effects, and these household goods, we are of the opinion the chancellor erred in awarding them to appellee absolutely. Only their custody and use for the benefit of herself and their son and so long as she remains in the home should have been awarded.

There remains to be considered the allowance of $300 to appellee's attorney to be paid by appellant. In view of the size of the record, the services performed, the results obtained, and the ability of the appellant to

pay, it cannot be said that this allowance is more than reasonable.

In so far as the judgment of the lower court awarded appellee absolutely the household goods, it is modified so as to allow her only the use of them for the benefit of herself and son and only so long as she remains in the present home. So modified, the judgment is in all other respects affirmed; the trial court being directed to amplify its judgment by making definite. and certain the times when, the places where, and the period during which the appellant may see and have his child.