# Brandenburg v. Brandenburg.

(Decided Jan. 12, 1934.)

S. JEWELL RICE for appellant.

BURNAM & GREENLEAF for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant brought this suit against her husband, the appellee, for a divorce on the grounds of cruel and inhuman treatment and a confirmed habit of drunkenness, accompanied by a wasting of his estate. The appellee counterclaimed on the ground of abandonment. In her petition, in addition to a request for alimony, the appellant also sought the recovery of a loan she claimed she had made her husband about the time they were married in the sum of $2,550. She also asked for interest on this loan from the date of its making until paid. The appellee, while admitting the loan itself, denied that it was to be repaid with interest, and claimed that the principal had before the bringing of the action been paid by him. This the appellant denied. The court disallowed the appellant's claim of drunkenness on the part of her husband but granted her a divorce on her other ground. It likewise granted the appellee a divorce on his ground of abandonment. It gave the appellant no alimony, but did give her judgment against the appellee in the sum of $1,000, being the amount of the principal of the loan which the court found was yet unpaid; it being the court's conclusion that the loan had been made without interest. However, in so far as this judgment for $1,000 was concerned, the court decreed that it was to be realized out of an equity the appellee owned in certain real estate. We are informed in brief that the realization of this

equity brought something less than the $1,000. From this judgment, this appeal is prosecuted.

It would serve no useful purpose to set out the evidence in detail. Suffice it to say it discloses a wife some years older than her husband, passing, after some 25 years of married life, through a very trying period of her life. Nervous, irritable, and suspicious of things which perhaps would have gone unnoticed had her health been better, or her suspicions not been fed by the ill-considered teasing and jests of her husband's friends, appellant was not a happy person to live with and ofttimes pushed the patience of her husband to the limit. On the other hand, the appellee, irritated by what he considered the groundless suspicions of his wife, displayed a striking lack of that patient tact and kindly consideration which a spouse should give his consort when she is going through that stage of life through which appellant was passing. The evidence does not support the chancellor's finding that the appellant abandoned the appellee. Concededly the appellee actually left the home where he and the appellant had been residing, but he claims that the appellant forced him to do so at the point of a pistol. We do not think the evidence supports any such claim. On the contrary, we are convinced that the appellee had grown tired of the nervous outbreaks of his wife. Instead of doing what he should and could have done to quiet his wife who was really ill, he took to drink and did nothing to help her. On the contrary, he was callous to her sufferings and took the easiest way by leaving her to her own devices whilst he took up his abode elsewhere. Although we are powerless to review the court's action in granting the divorces he did, we are at liberty to review the evidence for the purpose of determining the correctness of the court's action in the matter of alimony. Shehan v. Shehan, 152 Ky. 191, 153 S. W. 243; Walden v. Walden, 250 Ky. 379, 63 S. W. (2d) 290. Before addressing ourselves to that question, we may say that the chancellor erred in requiring the appellant to make the balance which he found to be due on the loan she had made her husband out of the equity which the husband had in some real estate he owned, and which he had in part acquired by the use of the money his wife had loaned him. The court seems to have been confused in this matter between the repayment of a loan and the restoration of property acquired by virtue of the marriage re-

lation. Cf. Civ. Code Prac. sec. 425. We agree with the court's finding that the loan was made without interest and had been repaid except to the extent of $1,-000. But the appellant was not concerned with what the appellee did with the money and was entitled to be repaid what was yet due her. The loan, whilst perhaps induced because of the marriage relation, was made in consideration of the husband's promise to repay it and not in consideration of the marriage relation. Cf. Ratliff v. Ratliff, 193 Ky. 708, 237 S. W. 397. Hence the court should not have coupled with the judgment for $1,000, which he gave the appellant, the requirement that she make it out of the equity of her husband in the real estate he owned.

Returning to the question of alimony, we are of the opinion that the court erred in refusing to grant any to the appellant. It is true that the appellant was not entirely without fault in this case, but most of such fault was due to her physical condition, for which nature and not she was to blame. But though even in some measure in fault, the appellant was not because thereof deprived as a matter of law of all right to support on the part of her husband. As said in Green v. Green, 152 Ky. 486, 153 S. W. 775, 777:

> "If the wife were required to be entirely without fault before she could ask a support from her husband, it would work a great hardship upon the wife, and give an undue advantage to the equally faulty husband, since divorces are generally the result of imperfections of character of both husband and wife. * * * In questions relating to alimony the court is not called upon to compare these imperfect sympathies so as to determine, with certainty, which was most at fault; but, where there is no moral delinquency upon the wife's part, it is a sufficient ground for giving her alimony that the husband, being the support of the family, was a substantial participant in the shortcomings which led to the separation."

Each case must stand upon its own facts and if, as here, the shortcomings of the wife were due to physical causes over which it is difficult for the wife to triumph, the husband who acts in such fashion as the appellee did will be required to contribute to her support. The record, however, is in such state that we cannot tell what is the earning capacity of the appellee or what

would be a fair and suitable allowance to be made the appellant. This question will have to be remanded to the trial court for determination.

The judgment is therefore reversed, with liberty on the part of the parties to produce evidence as to the earning capacity of the appellee to the end that the court may make appellant a proper and reasonable allowance for her maintenance and support. The court will also hear evidence as to whether or not the plaintiff has realized anything on her judgment from $1,000; will debit her for what she has been paid and then give personal judgment against the appellee for the balance.