### In re POTTS.

### No. 256.

District Court, E. D. Kentucky.

Dec. 3, 1942.

As Corrected Dec. 21, 1942.

of Mr. Potts was therefore allowed by the referee in the sum of $5,439.19 with interest.

By the challenged order of June 10th the referee held, in substance, that since Mr. Potts, whose claim was far in excess of all other claims filed in the proceeding, declined to accept the debtor's proposed arrangement, even if all her other creditors accepted her proposal, the requirement conditioning confirmation of the arrangement upon acceptance by a majority of the creditors in amount as well as in number, would not be met. The order then provides: "* * * it would serve no good purpose now, to further delay the determination of the question of whether the debtor should be adjudged a bankrupt or not by having further hearings as to the validity of the claims numbered 2 to 5 inclusive, and therefore under section 376 of Chapter XI of the Bankruptcy Act [11 U.S.C.A. § 776], it is hereby adjudged that the debtor, Mary Burgin Potts is a bankrupt and it is hereby directed that Bankruptcy be proceeded with pursuant to the provisions of the Act of Bankruptcy, the Referee being of the opinion that it is in the interest of the creditors to so adjudge."

The record certified by the referee contains the proof of claim filed by H. H. Potts together with his petition in support thereof in both of which it is stated that the claim of Mr. Potts is evidenced by a judgment against the debtor and that it is "secured by a lien on the property described in the debtor's petition". There is nothing in the record to controvert the fact that H. H. Potts is a secured creditor or to show that the security for his debt is insufficient.

■ In revising the laws of bankruptcy by the enactment of the so-called "Chandler Act", approved June 22, 1938, Congress enacted Chapter XI, Bankr.Act § 301 et seq., 11 U.S.C.A. § 701 et seq., to afford a debtor relief with respect to unsecured debts. See Securities and Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293; Remington on Bankruptcy, § 3051 et seq.

That proceedings under this chapter are designed to affect only creditors having unsecured claims is clearly indicated by the following provisions:

"Sec. 306 [§ 706]. For the purposes of this chapter, unless inconsistent with the context—

J. A. Edge, of Lexington, Ky., for debtor.

A. B. Thomason, of Lexington, Ky., for creditor H. H. Potts.

J. Nathan Elliott, of Lexington, Ky., referee in bankruptcy.

FORD, District Judge.

This is an original "arrangement" proceeding under section 322, Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 722.

The debtor, Mary Burgin Potts, seeks review of orders of the referee of May 5, 1942, and June 10, 1942.

By the order of May 5th, the referee denied the debtor's claim of offset against a claim asserted against her by H. H. Potts. The ruling of the referee was based upon evidence heard in respect to the debtor's offset claim and his conclusion that it had been previously litigated in a suit between the parties in the State court and the decision of the controversy in that action was res adjudicata and precluded assertion of the claim by the debtor as an offset available to her in this proceeding. The claim

"(1) 'arrangement' shall mean any plan of a debtor for the settlement, satisfaction, or extension of the time of payment of his unsecured debts, upon any terms; * * *"

"Sec. 307 [§ 707]. Unless inconsistent with the context and for the purposes of an arrangement providing for an extension of time for payment of debts in full and applicable exclusively to the debts to be extended—

"(1) 'creditors' shall include the holders of all unsecured debts, demands, or claims of whatever character against a debtor, whether or not provable as debts under section 63 of this Act [section 103 of this title] and whether liquidated or unliquidated, fixed or contingent; and

"(2) 'debts' or 'claims' shall include all unsecured debts, demands, or claims of whatever character against a debtor, whether or not provable as debts under section 63 of this Act [section 103 of this title] and whether liquidated or unliquidated, fixed or contingent."

"Sec. 308 [§ 708]. A creditor shall be deemed to be 'affected' by an arrangement only if his interest shall be materially and adversely affected thereby. In the event of controversy, the court shall after hearing upon notice summarily determine whether any creditor is so affected.".

"Sec. 356 [§ 756]. An arrangement within the meaning of this chapter shall include provisions modifying or altering the rights of unsecured creditors generally or of some class of them, upon any terms or for any consideration."

"Sec. 371 [§ 771]. The confirmation of an arrangement shall discharge a debtor from all his unsecured debts and liabilities provided for by the arrangement, except as provided in the arrangement or the order confirming the arrangement, including the claims specified in section 354 of this Act [section 754 of this title], but excluding such debts as, under section 17 of this Act [section 35 of this title], are not dischargeable."

■ Where a debtor desires relief from both secured and unsecured creditors, the act affords machinery for such relief by proceedings under Chapter XII, Bankr.Act

§ 401 et seq., 11 U.S.C.A. § 801 et seq., if the purpose of the arrangement includes alteration or modification of the rights of creditors holding debts secured by liens on real estate or chattels real of which the debtor is the legal or equitable owner.

The debtor's petition expressly limits her proposal to an arrangement with her "unsecured creditors" and seeks only the limited remedies afforded by the provisions of Chapter XI. The petition does not allege the debtor's insolvency but on the contrary the debtor's schedules show assets of $30,-000 and liabilities of only $5,875. Relief is invoked under Chapter XI merely upon the ground that the debtor is "unable to pay [her] debts as they mature". Sec. 323, 11 U.S.C.A. § 723.

■ The act contemplates acceptance or rejection of the debtor's proposal of an arrangement only by the "creditors affected thereby". Sections 361, 362, 11 U.S.C.A. §§ 761, 762.

Since it appears from the record in this proceeding, without dispute, that the claim of the creditor H. H. Potts was adequately secured by a lien upon the debtor's real estate, his rights as such creditor were not affected by the debtor's proposed arrangement with her unsecured creditors. No order having been entered enjoining the enforcement or foreclosure of his lien upon the debtor's property (section 314, 11 U.S.C.A. § 714), he is and was at all times free to enforce his lien without obstruction or interference arising from this proceeding.

■ On account of the limited scope of arrangement proceedings under Chapter XI of the Act, it seems clear that the referee erred in assuming jurisdiction to adjudge or determine, in this proceeding, questions involving conflicting claims between the debtor and her secured creditor and in holding that the failure of the secured creditor to accept the proposed arrangement necessarily precluded consideration of it, if in other respects the requirements of Chapter XI were met.

The petition for review should be granted. The referee's orders of May 5th and June 10th should be set aside and the case remanded to the referee for proceedings consistent herewith.