**In re POTTS.**

**POTTS v. POTTS.**

No. 9700.

Circuit Court of Appeals, Sixth Circuit.

June 6, 1944.

J. A. Edge, of Lexington, Ky., for appellant.

A. B. Thomason, of Lexington, Ky., for appellee.

Before SIMONS, HAMILTON, and MARTIN, Circuit Judges.

HAMILTON, Circuit Judge.

The debtor, Mary Potts, and Herbert H. Potts, appellee, were married in 1899 and lived together as husband and wife until 1935. On March 28, 1935, in a judgment divorcing them in the Fayette Circuit Court at Lexington, Kentucky, it was decreed that each party restore to the other any property not disposed of at the commencement of the action which either party may have obtained either directly or indirectly from or through the other during marriage, and on account of the marriage relationship.

On January 1, 1937, Herbert H. Potts recovered in the Fayette Circuit Court a judgment for $5,439.19 against the debtor, Mary Potts, being the value of the property which the court decreed the debtor had acquired from her husband during their married life and which had not been disposed of by her at the commencement of the divorce action.

The debtor commenced these proceedings under Chapter XI, sec. 322 of the Bankruptcy Act, 11 U.S.C.A. 722, for the primary purpose of obtaining relief from the foregoing judgment which was included in her schedule. She listed as her assets an unliquidated claim of $22,000 against Herbert H. Potts and also improved real estate located in Lexington,

Kentucky, valued in the schedule at $8,000. The debtor's arrangement proposition was to collect the debt owed her by her former husband and apply it on the principal of her indebtedness and to pay the balance, if any, at the rate of $55 per month, the latter sum to be realized from the rental of the real estate owned by her.

On November 4, 1941, Herbert H. Potts filed an execution claim which he asserted was secured by a lien on the real estate which the debtor had scheduled. On November 24, 1941, debtor demurred to the claim, moved to expunge it and without waiving her demurrer or motion, set up a counterclaim and set-off aggregating $80,-256 which she claimed was allowable under sec. 68 of the Bankruptcy Act, 11 U.S. C.A. § 108. The claimant, Herbert H. Potts, appeared and resisted the counterclaim.

On May 5, 1942, the Referee disallowed the set-off and counterclaim on the ground that the items therein stated were matters included in the original action in the state court in which claimant obtained his judgment. The Referee also overruled the demurrer and motion to expunge and allowed claimant's claim in full as secured, the security being an execution lien on the property described in the debtor's schedule.

The debtor reviewed the Referee's order and the court, on December 21, 1942, set the order aside on the ground that the debtor's proceeding related solely to relief from unsecured debts and that the lien claim was in no way affected by the proceedings. In re Potts, D. C., 47 F.Supp. 990. The debtor on March 22, 1943, filed an amended petition and sought relief under both Chapters XI and XII of the Bankruptcy Act, 11 U.S.C.A. §§ 701 et seq., 801 et seq. She stated in her amended petition that the real estate owned by her had a fair market value in excess of $10,000 and that her former husband, Herbert H. Potts, had obtained an execution lien on the property by reason of a judgment he had theretofore obtained against her in the Fayette Circuit Court and that on December 14, 1942, Herbert H. Potts had instituted an equitable action in the Fayette Circuit Court seeking to foreclose the lien. The debtor further stated that she had filed an answer and counterclaim to said action, the counterclaim consisting of the same items she had set out in her set-off and counterclaim in these proceedings and an additional sum for alimony.

The debtor prayed that the claimant, Herbert H. Potts, be enjoined from the further prosecution of his action in the state court and that if this could not be done, that the present proceeding be stayed until her counterclaim in the state court was adjudicated.

On June 11, 1943, Herbert H. Potts, claimant, filed an application for the appointment of a trustee to take charge of the real estate owned by the debtor in which he stated that the debtor had permitted tax liens to accumulate against the property and that she was collecting rents · therefrom without accounting to creditors. The debtor filed a response and stated that she had not wilfully or intentionally failed or refused to pay all taxes due on the property as they matured but she did not deny owing them.

On June 29, 1943, the Referee, pursuant to the provisions of Chapter XII, sec. 432 of the Bankruptcy Act, 11 U.S.C.A. § 832, appointed a trustee with authority to take charge of debtor's property, with the power to collect rents. On July 6, 1943, the debtor filed a petition to review this order.

On April 12, 1943, the debtor, pursuant to the provisions of section 426 of Chapter XII of the Bankruptcy Act, 11 U.S.C.A. § 826, executed a bond in the penal sum of $1,000, which was approved by the trustee, to indemnify the estate against any subsequent loss in the event of an entry of an order of adjudication. On July 26, 1943, the claimant, Herbert H. Potts, secured a judgment against the debtor in the Fayette Circuit Court for $5,439.19 with 6% interest thereon from January 1, 1937, in which judgment the court decreed a sale of all of the real estate of the debtor in satisfaction thereof. The judgment in the state court also dismissed the debtor's counterclaim. On August 13, 1943, the claimant, Herbert H. Potts, filed a new proof of claim in these proceedings based on the judgment of July 26, 1943. On August 20, 1943, the debtor · filed a response to the new proof of claim and also plead in defense a counterclaim which contained the items disallowed in the state court judgment.

On August 2, 1943, the Referee issued a notice to creditors of a meeting to be held on August 13, 1943, for the purpose of accepting or rejecting the debtor's proposed arrangement and in the notice he advised the creditors the petition would be dis-

missed or the debtor adjudicated a bankrupt if the proposed arrangement was rejected. The debtor objected and insisted that the meeting be postponed until the claim of Herbert H. Potts was finally adjudicated and filed a petition to review the Referee's order.

On August 13, 1943, the Referee allowed the new claim of Herbert H. Potts and decreed to the claimant a superior lien on all of the real estate scheduled by the debtor and the debtor filed petition for review. On August 20, 1943, the Referee overruled the debtor's motion to strike Herbert H. Potts' claim and dismissed the debtor's counterclaim on the ground that the counterclaim was barred by the judgment in the state court and further found that the debtor was indebted on unsecured claims in the amount of $1,250, and on secured claims in the amount of $5,439.19 with interest thereon from January 1, 1937, until paid and also $453.50 for costs due the Circuit Clerk of Fayette County, Kentucky.

The Referee further found that the debtor had made no provision for the payment of costs and the expenses of administration and further had made no provision in her proposed arrangement for the payment of secured creditors and that it appeared that the debtor's secured creditors would not accept any arrangement proposed by her. The Referee concluded that the arrangement proposed by the debtor was unfair, lacked equity and therefore was not for the best interest of the creditors. The Referee dismissed the proceedings in so far as an arrangement was sought, and adjudged the debtor a bankrupt and directed that any further action in the proceedings be pursuant to the provisions of bankruptcy. The debtor filed petition for review of this order.

On September 25, 1943, the district court denied the debtor's petitions to review the Referee's orders of August 2, 1943, August 13, 1943, and August 20, 1943, and approved each of them and directed that the estate be administered in ordinary bankruptcy. From the court's order this appeal is prosecuted.

Appellant insists first, that the Bankruptcy Court lacked jurisdiction to adjudicate the debtor's counterclaim and set-off against the judgment creditor, and second, if the court had jurisdiction that the debtor was not estopped by the judgments of the state court.

Chapters I to VII of the Bankruptcy Act, consisting of sections 1–72, 11 U.S.C. A. §§ 1–112, dealing with ordinary bankruptcy proceedings, are made applicable specifically to proceedings under Chapters XI and XII where not inconsistent with or in conflict with the provisions of those Chapters, 11 U.S.C.A. §§ 702 and 802. Therefore, the right of the debtor to set-off or counterclaim against her judgment creditor is determinable under section 68 of the Bankruptcy Act, 11 U.S.C.A. § 108.

 This section provides that in all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor, the account shall be stated and one debt shall be set off against the other and the balance only allowed or paid. It is settled law that parties interested in the estate may set off in reduction or extinguishment of the allowance of a provable claim, any debt or counterclaim which passes to the trustee and which the bankrupt or any of his creditors might have asserted against the claimant. The section is not self-executing and its benefit is to be had only on action of the Bankruptcy Court properly invoked. The statute does not enlarge the general doctrine of set-off or counterclaim. It only becomes operative when the case is brought within the general principles of set-off. The debt sought to be set off must ordinarily be a mutual one and must be of the same nature as the creditor's claim, and where the set-off of a debtor is sought in arrangement proceedings, the debtor must observe and comply with all conditions governing perfection of his rights to recover from a claimant in an ordinary proceeding. Cumberland Glass Mfg. Co. v. DeWitt, 237 U.S. 447, 455, 456, 35 S.Ct. 636, 640, 59 L.Ed. 1042.

 The debtor's set-off, accepting the allegations of her pleading as true, was allowable under section 68, but the burden rested on her to establish the amount thereof.

The determination as to whether a right of set-off exists under section 68 lies within the discretionary control of the district court to be exercised in accord with the general principles of equity. The court has the "primary duty of determining for itself whether there are 'mutual debts or credits' that should be set off one against the other." Cumberland Glass Co. v. DeWitt, supra; In re Rosenbaum Grain Corp., 7 Cir., 103 F.2d 656; In re Cuyahoga Finance Co., 6 Cir., 136 F.2d 18.

888

■ Jurisdiction may be conferred on the Bankruptcy Court by a claimant's consent. Where a set-off is plead to a claim and the claimant answers to the merits without objection, the court has jurisdiction. Fairbanks Steam Shovel Co. v. Wills, Tr., 240 U.S. 642, 649, 36 S.Ct. 466, 60 L. Ed. 841; Page v. Arkansas Gas Corporation, 286 U.S. 269, 272, 52 S.Ct. 507, 76 L.Ed. 1096; Schumacher v. Beeler, 293 U.S. 367, 377, 55 S.Ct. 230, 79 L.Ed. 433.

■ The parties here consented to the jurisdiction of the court. The debtor filed her set-off and the claimant defended the set-off on the ground that it was res judicata.

■ The claimant also moved for appointment of a trustee and asserted a lien on the property which was in the possession of the court under the debtor's petition. Under such circumstances, there can be no question of jurisdiction. The claimant has raised no such issue and from the very nature of the proceeding, the debtor cannot.

Claimant Potts' plea of res judicata is predicated on three judgments of the state court: (1) that in the divorce action the court adjudged, on March 28, 1935, that the respective parties should restore to each other any property not disposed of at the beginning of the action, which either obtained from the other during the marriage relationship; (2) the judgment for $5,439.-19 of January 1, 1937; (3) the judgment of July 26, 1943.

In the divorce action neither party made any claim against the other for debts owed or property acquired from each other during the marriage relationship. In the second action, plaintiff claimed that during the marriage relationship defendant had acquired from him an undivided one-half interest in certain real estate in Fayette County, Kentucky, and that she also had in her possession twenty dairy cows and one bull which they jointly owned and that after the divorce the defendant had disposed of both the land and cattle and had appropriated the proceeds of the sale to her own use. Defendant's answer was a general denial. In the third action plaintiff sought to foreclose the execution lien he had theretofore acquired on the improved city real estate. Defendant answered, filed counterclaim and set-off containing the same items as are plead against the claim in the present action. She also plead in bar the pendency of the present proceed-

ings and an order which the Referee had entered herein restraining the plaintiff, Herbert H. Potts, from further prosecuting his action in the state court. In the state court judgment, defendant's counterclaim was dismissed and the plea in bar denied.

■ The debtor filed her amended petition under Chapter XII and it was approved by the court March 22, 1943. Section 428 of Chapter XII, Title 11 U.S.C.A. § 828, provides that a petition filed under the chapter "shall operate as a stay of any act or proceeding to enforce any lien upon the real property or chattel real of a debtor." The automatic stay provided under the statute operates to postpone all proceedings in all other courts to enforce any lien on real estate until otherwise ordered by the bankruptcy court upon hearing and after notice to the debtor and all other parties in interest. Under the express provisions of the statute, the action of the claimant, Herbert H. Potts, in the state court to enforce the lien was automatically stayed after March 22, 1943, and as the judgment was entered in that case on July 26, 1943, it has no efficacy in these proceedings.

■ Upon filing a petition under Chapter XII, all of the property of the debtor is brought within the jurisdiction of the Bankruptcy Court which jurisdiction is paramount and exclusive and thereafter no action taken in any other court can affect the proceedings in the Bankruptcy Court. Since the judgment of the state court of July 26, 1943, is the sole foundation for claimant Potts' second claim, the judgment being void, the claim is void and, likewise, the whole decree of the state court. Taylor v. Sternberg, 293 U.S. 470, 473, 55 S.Ct. 260, 79 L.Ed. 599; Kalb v. Feuerstein, 308 U.S. 433, 443, 60 S.Ct. 343, 84 L.Ed. 370.

In considering the issue of res judicata, the question is confined solely to the effect of the divorce decree and the subsequent proceedings for the recovery of the property or its value which the plaintiff claimed defendant had acquired during the marriage relationship.

■ The doctrine of res judicata may be applied to a claim in another court where the action in the latter involves the same subject matter determined in the former action. The cause of action or matter litigated must have been a bar to a second action in the forum where the first was decided. Therefore, the determination

of the issue of res judicata here must be decided by the laws of the Commonwealth of Kentucky and whatever matter was adjudicated in the actions in the state court must be given full faith and credit in these proceedings.

Section 96 of the Civil Code of Practice of the Commonwealth of Kentucky, Carroll's Kentucky Codes, Baldwin's Revision 1938, defines a counterclaim as a cause of action in favor of defendant against a plaintiff which arises out of the contract or transaction stated in the petition as the foundation of the plaintiff's claim or which is connected with the subject of the action. A set-off is defined as a cause of action arising upon a contract judgment or award in favor of a defendant against a plaintiff and confines relief by set-off to actions upon contracts, judgments or awards. In applying the Code provisions, the Kentucky courts have laid down the rule that the judgment of a court having jurisdiction of the subject matter and of the parties is final and conclusive, not only as to matters actually litigated and decided therein, but also as to all matters necessarily involved in the litigation and which might have been litigated. However, in applying this rule, the court has said that whenever recoupment, set-off or counterclaim is sought, the party entitled to any of these remedies, may interpose either of them as a defense, or he may bring a new cross-action and it is optional with the defendant which course he will adopt. ·

A pure defense must be presented or it is lost. A counterclaim or set-off may be withheld for a separate action. Jefferson, Noyes & Brown v. Western Nat. Bank, 144 Ky. 62, 138 S.W. 308; Carroll v. Fullerton, 215 Ky. 558, 559, 286 S.W. 847.

It is sometimes difficult to draw the line between a judgment which will operate as a bar to an action for a specified claim, and one which leaves the claim outstanding with the right of a subsequent action. The rule is established that in order to render a judgment conclusive, it must appear by the record of the prior suit that the particular matter sought to be included was necessarily tried or determined, that is that the judgment could not have been rendered without deciding that matter. The prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the judgment was rendered. Phillips et al. v. Big Sandy Co., 149 Ky. 555, 149 S. W. 957.

The Kentucky decisions on the concept of res judicata may be summed up in a simple statement that a matter once decided is finally decided and that the rule is founded on public policy as conducive to peace, repose and morality without producing injustices. In order to determine what matter has been decided in the preceding action, the entire record therein is to be considered. The inquiry is not limited to the judgment, but extends to the pleadings, the verdict or findings of the court. The scope and meaning of the judgment may be determined in the light of all the matters the court was required to consider in arriving at the judgment excluding matters collaterally or inferentially decided.

Plaintiff's action in the state court on which his execution claim was based was for restoration of property defendant had obtained from him during the marriage relationship and to account therefor for its value. Defendant plead no counterclaim or set-offs but in answers to interrogatories attached to the petition which she was required to answer (Carroll's Kentucky Codes, Civ.Code Prac., Baldwin's Revision 1938, sections 140 and 141) stated that the deed made by the plaintiff to her was not obtained by virtue of the marriage relationship but that it was made in contemplation of their immediate separation and in settlement of plaintiff's liability to her by reason of the use of her property and the income therefrom appropriated by him during their married life and also the proceeds of the sale of her property which plaintiff had appropriated to his own use and also for debts of plaintiff which she had paid at his request.

In construing section 425 of the Kentucky Civil Code of Practice (Carroll's Kentucky Codes, Baldwin's Revision 1938) the Court of Appeals of Kentucky has decided that title put in the name of husband or wife by one or the other for a valuable consideration or in settlement of debts between them cannot be recovered. Brandenburg v. Brandenburg, 252 Ky. 338, 67 S.W.2d 27. The court has also decided that when it appears that money or property has been received by the husband or wife from or through the other, the presumption arises it was obtained by reason of marriage and the burden rests on the opposite party to overcome the presump-

tion. Pope v. Pope, 148 Ky. 30, 146 S.W. 410.

In the execution case, defendant conceded that her husband had made the deed during marriage; therefore, the burden shifted to her to show that she paid a consideration for the property and she undertook to establish consideration by showing she had forgiven plaintiff the very items, excluding alimony, which she claims as a set-off in the present proceedings.

If a matter available as a counterclaim is unsuccessfully relied upon as a defense, it cannot afterwards be asserted as a counterclaim or as an independent cause of action in a subsequent suit between the same parties. Jefferson, Noyes & Brown v. Western Nat. Bank, supra.

Here is the state of the case. The debtor now relies upon precisely the same matter to defeat the collection of the judgment as she depended upon in the original action to prevent its rendition. Such a position is untenable. The bar of a former action operates as an estoppel when the point relied on collaterally to attack a judgment was essentially decided in the action where the judgment was obtained. Graves v. Allen, Trustee, 208 Ky. 764, 271 S.W. 1077.

The fact that the debtor here, defendant in the former action, interposed in that action only part of her claim, does not change the rule. The principle applies that a party may not use an indivisible claim in part in one action and then use it later in another. Pilcher v. Ligon, 91 Ky. 228, 15 S.W. 513; Commonwealth v. Bacon, 126 Ky. 30, 102 S.W. 839; Johnson v. Dry Creek Oil & Gas Co., 283 Ky. 340, 141 S.W.2d 263.

There is no identity of cause of action between the debtor's claim for alimony which she here asserts as a set-off, with her defense in the action in which the plaintiff obtained his judgment. This part of the claim was not the subject matter of the former litigation and the basis for alimony rests upon a different state of facts. If her alimony set-off is barred, it must be based on the divorce judgment. So far as the record shows, none of the matters litigated in the divorce action related directly to the question of alimony. The judgment did provide for restoration of property.

Subject to one exception, the rule prevails in Kentucky that where a decree of absolute divorce has been entered without reservation of the right thereafter to make an allowance for alimony, the decree is final and absolute and the wife cannot be allowed alimony in any subsequent action. Campbell v. Campbell, 115 Ky. 656, 74 S.W. 670; Logsdon v. Logsdon, 204 Ky. 104, 263 S.W. 728. The exception to the rule is found in Hanks v. Hanks, 282 Ky. 236, 138 S.W.2d 362. In that case the court stated that a wife was not precluded by a divorce decree from setting up a counterclaim based on alimony in an action by the husband to recover property acquired by the wife from him during the marriage relationship if the divorce decree did not contain an order of restoration. In the case at bar, the divorce decree ordered restoration; therefore, the case falls under the general rule and the debtor's claim to alimony is barred in the present action.

The Referee in the order of August 20, 1943, adjudged the debtor a bankrupt on the ground that her proposed arrangement had been accepted by common creditors only holding claims of $1,250 and that the debtor's arrangement made no provision for the payment of the secured judgment claim of Herbert H. Potts in the sum of $5,439.19 with interest thereon at the rate of six percent from January 1, 1937, until paid, and the secured claim of George E. DeLong in the sum of $453.50 and further that her secured creditors had refused to accept the arrangement. The debtor attacks the order of adjudication on the ground that conditions prerequisite for such an adjudication did not exist.

As we have heretofore pointed out, the judgment lien claims of Potts and DeLong were void because of the automatic stay under the Bankruptcy Act, but under the laws of the Commonwealth of Kentucky, Potts had an execution lien on the property more than four months old at the time of the commencement of these proceedings. Hood v. Pope, 233 Ky. 749, 26 S.W.2d 1043; Ky. Revised Statutes, sec. 426.120. Therefore, the Referee's order is supported by the execution lien regardless of the void judgment. A petition for relief under either Chapter XI or XII is a petition proposing an arrangement by a debtor, and is not a proceeding for adjudication as a bankrupt. An arrangement has no binding force until confirmed by the court. Chapter XII, sec. 481, U.S.C.A. Title 11, § 881, provides in substance that if an arrangement is withdrawn or abandoned prior to acceptance

and no other arrangement is pending or accepted at the meeting of creditors, or within the time fixed by the court or if confirmation of the arrangement is refused, where the petition is filed under section 422, the court shall enter an order upon hearing after notice to the debtor, the creditors and such other parties as the court may direct, either adjudging the debtor a bankrupt or dismissing the proceeding, whichever in the opinion of the court may be in the interest of the creditors. The present proceedings come within the statute. The debtor's proposal was not accepted by the secured creditor and her arrangement made no provision for the novation of his claim except by set-off. The Referee, as we have heretofore pointed out, correctly rejected the set-off and from this it follows that the debtor's arrangement would fail unless provision was made for the creditor holding the execution.

The jurisdiction to adjudicate or dismiss is vested in the court but by the express terms of the statute, the court includes the Referee as well as the Judge. Bankruptcy Act, sec. 1(9), 11 U.S.C.A. § 1(9). The statute empowers the court either to adjudicate or dismiss. The alternative to be adopted must be in the interest of the creditors. The interest of the debtor is ignored.

If the financial affairs of the debtor are such that the administration of his estate in bankruptcy will prevent attachments, preferences, dissipation of assets or other acts injurious to the interests of creditors, adjudication should be decreed. However, if the interest of creditors will be in no way served by adjudication, the proceedings should be dismissed. Section 457 of the Act, 11 U.S.C.A. § 857, provides that where not inconsistent with the Arrangement Chapter, the rights, duties and liabilities of creditors with respect to the property of the debtor shall be the same as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered at the time the petition under either Chapter XI or XII was filed.

The execution creditor had a prior lien on the real estate but both the title and possession of the property were in the debtor at the time the present proceedings were filed and the title to the property passed to the trustee by operation of law as of the date the proceedings were instituted.

The Referee made no finding as to the value of the real estate. Whether the debtor has an equity in the property cannot be determined on this record. It may be that the real estate, if administered in bankruptcy, may sell for more than the lien indebtedness, in which event the debtor's unsecured creditors, after payment of the costs of administration, might realize a distribution on their claims. If it should develop that the property has no value for unsecured creditors or that it would be unprofitable to administer it in bankruptcy, an order of abandonment would be proper, but we in no way pass on this question. In our opinion, the evidence supports the Referee's order of adjudication.

 The debtor also insists that the order of the Referee appointing a trustee was erroneous. We find no error in this respect. Chapter XII, sec. 432, 11 U.S.C.A. § 832, provides that the court may, upon the application of any person in interest, appoint a trustee for the property of the debtor. The bankruptcy court has a broad discretion to appoint a trustee at any time in the course of the proceedings. There was no abuse of discretion here.

The order of the Referee of August 20, 1943, approving the proof of claim of Herbert H. Potts as a judgment creditor is set aside and the proof of claim stricken from the record.

The order of the district court affirming the Referee is in all other respects affirmed.